ROBERT KNOWLTON *v.* STATE OF INDIANA

[No. 3-578A113. Filed November 29, 1978.]

James F. Groves, Noell, Groves & White, of South Bend, for appellant.

Theodore L. Sendak, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, for appellee.

STATON, J. — A jury found Robert Knowlton guilty of sodomy and he was sentenced to the Indiana Department of Corrections for a period of not less than two (2) or more than fourteen (14) years. In his appeal to this Court, Knowlton raises the following issues:

(1) Whether the sodomy statute, IC 1971, 35-1-89-1 (Burns Code Ed.), is unconstitutional by reason of its vagueness?

(2) Whether the evidence was sufficient to support his conviction?

We affirm.

## I.

### Constitutionality of Statute

Knowlton contends that the sodomy statute under which he was convicted, IC 1971, 35-1-89-1 (Burns Code Ed.)[1] is unconstitutional. He maintains that the statute's proscription of "abominable and detestable

---

1. This statute was repealed by Acts 1976, P.L. 148 § 24, effective October 1, 1977. Under the new Penal Code, fellatio would fall within Ind. Code. Ann. § 35-41-1-2 (defining "deviate sexual conduct") and § 35-42-4-2 (proscribing such conduct) (West 1978).

crimes against nature with mankind or beast" fails to adequately define the specific acts which fall within the ambit of its coverage. In support of his contention, Knowlton draws definitional distinctions between fellatio, the specific act with which he was charged, and sodomy, the title of the statute under which he was convicted.

Similar attacks on the sodomy statute have been rejected by the Indiana Supreme Court. *Dixon v. State* (1971), 256 Ind. 266, 268 N.E.2d 84; *Miller v. State* (1971), 256 Ind. 296, 268 N.E.2d 299; *Estes v. State* (1964), 244 Ind. 691, 195 N.E.2d 471. The most recent statement of the Supreme Court on the issue raised by Knowlton came in *Critchlow v. State* (1976), 264 Ind. 458, 346 N.E.2d 591. There, the Court stated:

"The various acts which are considered to be sodomy include the act of fellatio, which was alleged in this case. . . We, once again, hold the statute is constitutional and the crime described in the statute is applicable in the case at bar. . . ."

264 Ind. 458, 465, 346 N.E.2d 591, 596. Accordingly, the trial court properly denied Knowlton's motion to dismiss which challenged the constitutionality of the statute.

## II.

### Sufficiency of the Evidence

Knowlton also contends that the evidence was not sufficient to support the jury's conclusion that he was guilty of performing fellatio as charged. He specifically maintains that the State's evidence does not prove beyond a reasonable doubt that the penetration necessary to consummate the act of fellatio did in fact occur. While he concedes that a conviction for sodomy may rest entirely upon circumstantial evidence, it is Knowlton's contention that such conviction is valid only if the circumstantial proof includes evidence of an empirical or physical character.

When the sufficiency of the evidence is raised as an issue on appeal, we will look only at the evidence most favorable to the State, together with the reasonable inferences that can be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the jury's verdict, we will not set aside the conviction. *Henderson v. State* (1976), 264 Ind. 334, 343 N.E.2d 776, 777.

We apply this test whether the evidence is circumstantial or direct. *Ruetz v. State* (1978), 268 Ind. 42, 373 N.E.2d 152, 156. *Mitchell v. State* (1977), 266 Ind. 656, 366 N.E.2d 183, 185. When a conviction rests wholly on circumstantial evidence, however, our determination of whether the evidence is sufficient must necessarily include an analysis of whether the inferences drawn by the jury are reasonable ones. *Bruce v. State* (1978), 268 Ind. 180, 375 N.E.2d 1042, 1080. The reasonable doubt standard requires that the inference be more than a mere suspicion. As our Supreme Court stated in *Shutt v. State* (1977), 267 Ind. 110, 367 N.E.2d 1376:

> "If the inference drawn by the trier of facts must rest upon speculation or conjecture, it cannot be drawn beyond a reasonable doubt, and we are required to set it aside. 'It is not enough to sustain a conviction that the evidence, when given full faith and credit, may warrant a suspicion or amount to a scintilla.' *Baker v. State* (1956), 236 Ind. 55, 60, 138 N.E.2d 641, 644."

*Id.* at 1378.

The evidence most favorable to the State reveals that on June 8, 1977, Gerry Parker was patrolling Pottawatomi Park in South Bend, Indiana, as part of his duties as an employee of that city's Park Department. In response to citizen's complaints of disturbances in Pottawatomi's restroom area, Parker, who is also a full-time South Bend Policeman, made periodic inspections of the restroom area throughout the day. At about 3:00 P.M., Parker entered the men's restroom and encountered the defendant Knowlton and William Coffman.

Parker testified that Knowlton was on his knees facing Coffman, and that Knowlton's head was positioned directly in front of the groin area of Mr. Coffman. His presence briefly unnoticed by the two men, it was Parker's conclusion that based on the close proximity of the two men to each other, Knowlton and Coffman were "touching." Because Knowlton's head obscured Parker's view, he was unable to actually observe whether there was contact between Coffman's penis and Knowlton's mouth. Parker did observe that Coffman's hands were "down by his groin area."

According to Parker, after approximately two seconds had passed, Coffman glanced up and noticed him. Parker testified that Coffman then

"pulled away from Mr. Knowlton," revealing Coffman's open pants and erect penis. Coffman went to a urinal and Knowlton, still on his knees, spat a "clear saliva type substance" onto the floor. Knowlton then went directly to a urinal, also. At that point Parker informed the two men that he would meet them outside the restroom after they were finished at the urinals. The arrest of the two men followed shortly thereafter.

Knowlton contends that the circumstantial evidence presented here gives rise to a variety of inferences, ranging from the conclusion reached by the jury that penetration had occurred to the possibility that Knowlton had merely stooped to retrieve an item and Coffman had invited the sex act which the parties did not have an opportunity to consummate. In support of his contention that the circumstantial evidence present here is insufficient to support the conclusion that fellatio did occur, Knowlton relies on *Osbon v. State* (1938), 213 Ind. 413, 13 N.E.2d 223 for the proposition that circumstantial evidence is only sufficient to support a conviction if it excludes every other reasonable hypothesis except that of guilt. *Id.* at 228.

Knowlton's reliance on *Osbon v. State, supra,* raises an issue which has been clouded with contradictory language. The issue concerns the proper standard of review to be employed by this Court when it is required to determine the sufficiency of the evidence to support a conviction which rests wholly on circumstantial proof. Case law indicates two inconsistent standards: (1) The circumstantial evidence is sufficient to support a conviction only if it excludes every other reasonable hypothesis except that of guilt; *Shutt v. State* (1977), 267 Ind. 110, 367 N.E.2d 1376, 1378; *Manlove v. State* (1968), 250 Ind. 70, 79, 232 N.E.2d 874, 879; *Osbon v. State, supra*; and (2) The circumstantial proof sufficient to support a conviction is not determined on the basis of whether it overcomes every reasonable hypothesis of innocence, but rather by determining whether an inference may be reasonably drawn therefrom to support the finding of the jury. *Bruce v. State* (1978), 268 Ind. 180, 375 N.E.2d 1042, 1080; *Finger v. State* (1973), 260 Ind. 148, 150, 293 N.E.2d 25, 26; *McAfee v. State* (1973), 259 Ind. 687, 689, 291 N.E.2d 554, 556.

This contradiction was recently discussed by our Supreme Court in *Ruetz v. State* (1978), 268 Ind. 42, 373 N.E.2d 152, 156. There, the Supreme Court, in its review and synthesis of all the law on the question of review

standards in circumstantial evidence cases, indicated that the conflict in the case law could be resolved in the following way:

"It is enough to recognize that our basic standard of review is the rule in all sufficiency questions, which questions are ones of law for this court which we have a duty to decide. Over the years, this process of deciding these questions has given rise to two well-established principles which are not in dispute. First, where there are two reasonable inferences arising from the circumstantial evidence in a case, one of guilt and another of innocence, it is not the duty or right of this court to reverse simply because we might believe the circumstances do not exclude every reasonable hypothesis of innocence. *Manlove, supra,* 250 Ind. at 77, 232 N.E.2d at 874. Second, a reasonable inference of guilt, sufficient to base a conviction upon must be more than a mere suspicion, conjecture, conclusion, guess, opportunity, or scintilla. *Baker, supra,* 236 Ind. at 59-60, 138 N.E.2d at 644. These two principles are simply different facets of the same basic review standard. They appear in different cases, as does the above cited language concerning the exclusion of reasonable hypothesis of innocence, because differing fact situations lead this court to emphasize different facets of the standard. Thus the standard never changes, and individual cases decided under the standard, as suggested by the *Wrassman* and *Baker* cases, *supra,* stand only upon the particular fact situations therein presented to this court."

*Id.* at 157.

The Supreme Court thus reconciles the contradictory language found in circumstantial evidence cases on the basis of the differing factual contexts in which those statements were made. At the same time, the Court emphasizes that two principles should control our review of the sufficiency of the evidence in circumstantial evidence cases: (1) convictions should not be overturned simply because this court determines that the circumstances do not exclude every reasonable hypothesis of innocence, and (2) convictions should not be sustained when the inference of guilt is based on "mere suspicion, conjecture, conclusion, guess, opportunity, or scintilla." *Id.*

Based on *Ruetz,* we conclude that in those cases wherein the evidence presented is wholly circumstantial in nature *and* establishes only a mere suspicion or possibility that the defendant committed the crime charged, the conviction will be sustained on appeal only if the circumstantial

evidence excludes every reasonable hypothesis of innocence. *Manlove v. State, supra* at 879. That is the standard by which juries have long been instructed to determine the guilt or innocence of a defendant when the State's case has been predicated upon circumstantial evidence.[2] If, in such cases, we were bound to affirm the jury's verdict so long as the inference of guilt could be reasonably drawn from the circumstantial evidence present, we would be precluded from determining whether the jury adhered to its charge. *Id.* at 880.

Moreover, the application of this latter standard of review in cases where completely circumstantial evidence establishes only a mere suspicion or possibility that the defendant committed the crime charged would compel us to affirm convictions not proved beyond a reasonable doubt. The "mere suspicion, conjecture, conclusion, guess, opportunity, or scintilla" which the Supreme Court in *Ruetz* noted was insufficient to sustain a conviction may nonetheless constitute "reasonable" inferences. Convictions based on such nebulous grounds warrant reversal, however, not on the basis of the reasonableness or unreasonableness of the inference that the defendant was guilty, but rather because *no reasonable man* could be convinced from such evidence that the defendant was guilty *beyond a reasonable doubt. Manlove v. State, supra* at 879. The question of the sufficiency of the evidence in such cases thus ceases to become one of fact and credibility and instead becomes a question of law under the doctrine of the "reasonable man rule." *Manlove v. State, supra* at 882; *Wright v. Bertiaux* (1903), 161 Ind. 124, 129, 66 N.E. 900, 902.

We note that in cases where circumstantial evidence creates only a mere suspicion or possibility that the defendant committed the crime charged, there exists the greatest danger of an arbitrary and wrongful deprivation of liberty or life. In order to guard against such an abuse and insure the satisfaction of the requirement that findings of guilt be established beyond a reasonable doubt, this Court on appeal will scrutinize a conviction based on such evidence and affirm it only when

---

2. Our analysis here does not affect the standard of proof employed by trial courts in circumstantial evidence cases.

the circumstantial evidence excludes all reasonable hypotheses of innocence. *Manlove v. State, supra* at 881.

However, in cases where the quantum and nature of evidence, either wholly or partially circumstantial, is sufficient to elevate the indication of guilt beyond a mere suspicion or possibility,[3] the danger of an erroneous taking of liberty or life diminishes. A jury is provided with a more substantial evidentiary basis from which to draw inferences necessary to its determination. And while reasonable minds might differ as to whether the evidence in a particular case is sufficient to support a conviction, a verdict will not be disturbed on appeal so long as the jury could reasonably infer the existence of each material element of the crime beyond a reasonable doubt. *Id.* at 879. The question at issue remains one of fact, the province of the jury; under these circumstances this Court cannot substitute its judgment for that of the trier of fact. *Ruetz v. State, supra,* at 157.

We reject Knowlton's contention that our determination of whether the evidence is sufficient to support his conviction is dependent upon an analysis of whether it excludes all reasonable hypotheses of guilt. The State's case against Knowlton is neither wholly circumstantial nor does the evidence indicate only a mere suspicion or possibility that the defendant committed the act of fellatio upon Coffman. Eyewitness testimony established that the two men had assumed a position appropriate to the act, that they were close enough to be touching, that Coffman's pants were unzipped, and that his penis was erect. When interrupted by the intruder Parker, Knowlton and Coffman moved quickly apart and toward the urinals. This evidence was sufficient to support the inference drawn by the jury that Knowlton's mouth had been in contact with Coffman's penis.[4]

---

3. For an example of a case wherein the circumstantial evidence established more than a mere opportunity or suspicion, *see Glover v. State* (1973), 157 Ind.App. 532, 300 N.E.2d 902.

4. We do not agree with Knowlton that an actual "penetration" is necessary to consumate the act of fellatio. Rather, fellatio is committed by touching the male sex organ with any part of the mouth. *Pruett v. State* (1971), 463 S.W.2d 191 (Tex.Crim. 1971). We note that the new Penal Code does not require penetration. Ind. Code Ann. § 35-41-1-2 (West 1978).

Nor do we agree with Knowlton's argument that physical or empirical evidence is necessary to support a sex crime conviction based on circumstantial evidence. According to 81 C.J.S. *Sodomy* § 11 (1977):

"Evidence of the condition, position, and proximity of the parties as testified to by eyewitnesses may afford sufficient evidence of penetration to support a charge of sodomy by cunnilingus. . . ."

We hold that eyewitness testimony of such circumstantial evidence is likewise sufficient to support a charge of sodomy by fellatio. We also note that Knowlton's argument must necessarily fail for the reason that an "emission" is not an element of the act of fellatio. *Miller v. State* (1971), 256 Ind. 296, 298, 268 N.E.2d 299, 300. The commission of the crime charged here would not necessarily manifest itself with physical evidence. The testimony of the eyewitness Parker is sufficient to support the conviction of Knowlton.

Affirmed.

Chipman, J., (by designation), concurs;

Hoffman, J., concurs in result.

NOTE — Reported at 382 N.E.2d 1004.