Scott PHILLIPS, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 48A02–8709–CR–351.

Court of Appeals of Indiana,
Third District.

Feb. 11, 1988.

J.J. Paul, III, James H. Voyles, Jr., Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Phillips was charged with a Class B felony, sexual deviate conduct with a child under twelve years of age. He was tried by jury and was convicted.[1]

The information alleged that he had inserted his finger into the victim's vagina and that the conduct occurred "[a]t various and diverse times from on or about the 1st day of January, 1983, to and including the 7th day of April, 1986."

The evidence at trial established that he committed the alleged act on only one occasion. Other than the victim's statement that she thought it was during the summertime, there was no evidence as to when the act was committed.

Phillips asserts there was a failure of proof because the statute defining the offense limited it to acts involving a sex organ of one person and the mouth or anus of another person until an additional definition was added April 1, 1984. At that time the statute was amended to add "the penetration of the sex organ or anus of a person by an object." IC 35–41–1–9 amended by P.L. 183–1984, § 1.

He correctly points out that to apply the additional definition enacted in 1984 to conduct which occurred prior to the enactment would violate the constitutional proscription against *ex post facto* laws. *Mudd v. State* (1985), Ind.App., 483 N.E.2d 782. In addition, because crimes are defined by statute and those statutes are to be strictly construed, it cannot be said that

---

1. The jury acquitted him on a second count that alleged he had fondled the victim's sister.

the act he committed was within the scope of the prohibition declared in the pre–1984 version. Accordingly, we must agree that since no evidence was produced to establish either directly or by reasonable inference that the single event, now defined as deviate conduct, occurred after that conduct was brought within the definition of the offense, there was a failure of proof as to the Class B felony.

Acknowledging the potential for this conclusion, the state argues that we should find Phillips guilty of child molesting as a Class C felony on the basis that the evidence clearly established fondling with intent to gratify sexual desires. *See* IC 35–42–4–3(b).

In *Buck v. State* (1983), Ind., 453 N.E.2d 993 our supreme court held that the Class C felony, fondling, was not a necessarily included offense of the Class B felony which consists of either sexual intercourse or deviate sexual conduct.

The state argues, however, that the Class C felony may be a factually included offense where the charging information is sufficient to set forth the necessary elements of the C felony. *See Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098.

■ In the pure sense such factually included offenses occur when the *facts* alleged in the charging information are sufficient to charge all of the elements of a lesser offense. *Maynard v. State* (1986), Ind., 490 N.E.2d 762. They may also occur, however, when the state files an information that is duplicitous and then, without challenge, is permitted to go to trial on it. Since such an information actually charges two offenses in one count, the jury may properly convict for either offense because the requirements of notice and assurance against double jeopardy have been met. *See* IC 35–34–1–4 (motion to dismiss); *Blackburn v. State* (1973), 260 Ind. 5, 291 N.E.2d 686 (requirements to charge offense); *Myers v. State* (1883), 92 Ind. 390 (where conviction only on one count, no reversal because of improper joinder of counts). The duplicitous nature of the

charge is waived if it has not been the subject of a timely objection.

In Phillips' case the state originally charged that he "... did fondle and perform deviate conduct with [the victim] ... with the intent of satisfying the sexual desires of [Phillips]."

At the commencement of trial, however, when the court was giving the jury its preliminary instructions the state was permitted to amend the charge without objection by deleting the phrase "with the intent of gratifying the sexual desires of Scott Clinton Phillips."

The state urges that even after the amendment the information was sufficient to charge the Class C felony because it still contained the assertion that Phillips "did fondle" the victim.

■ We disagree. As noted above, an information must charge an offense in terms that put the defendant on notice of the offense with which he is charged so that he may prepare his defense and be protected against double jeopardy. *Blackburn v. State, supra.*

The intent to arouse or satisfy the sexual desires of either the child or the older person is an element of the offense of child molesting as a Class C felony. *Buck, supra.* Indeed, it is the intent to arouse or gratify sexual desires that distinguishes this offense from other consensual or nonconsensual touchings.[2]

■ Here the state amended the information on the day of trial to delete the specific allegation that Phillips' acts were done with intent to gratify his sexual desires. In doing so it corrected the duplicitous nature of the information and eliminated child molesting as a Class C felony (fondling) from the charges upon which Phillips was going to trial. We disagree with the state's assertion that use of the word "fondle" sufficiently implies the necessary intent, especially in light of the state's affirmative acts in deleting the allegation of intent from the information. The

2. That the necessary intent may be inferred from the form of touching or other circum- | stances does not at all alter the necessity of intent as an element of the offense.

state having eliminated the Class C felony from the charge, we cannot now find Phillips guilty of that offense.

It follows that the conviction of child molesting as a Class C felony (deviate sexual conduct) must be reversed.

Reversed.

STATON and HOFFMAN, JJ., concur.