Johnny L. DOWNEY, Appellant–
Defendant,

v.

STATE of Indiana Appellee–Plaintiff.

No. 35A02–9904–CR–241.

Court of Appeals of Indiana.

March 31, 2000.

Susan K. Carpenter, Public Defender of Indiana, Lorraine L. Rodts, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Johnny L. Downey appeals his conviction after a trial by jury of child molesting,

a Class A felony.[1] He presents for our review whether the evidence at trial was sufficient to support the jury's verdict. Additionally, the State asks we order a modification of the judgment to that of a lesser included offense should we find the evidence insufficient to sustain Downey's original conviction.

We reverse and vacate the conviction.

### FACTS AND PROCEDURAL HISTORY

On the evening of April 5, 1998, twenty-five-year-old Downey was home babysitting his wife's three children. After sending all three children upstairs to bed, Downey called for his eleven-year-old stepdaughter, C.C., to return downstairs. Once she was downstairs, Downey told C.C. to come over to the couch and sit on his lap. While she was on his lap, Downey rubbed her breasts until he became aroused. Downey, apparently concerned that the couch could be seen from the stairway, moved with C.C. to another couch where he exposed his penis and made C.C. rub it. Downey then directed C.C. to pull down her pants and underwear and lay on the couch on her stomach. With C.C. bare from the waist down and on her stomach, Downey rubbed his penis between her buttocks until orgasm.

### DISCUSSION AND DECISION

#### A. *Sufficiency of the Evidence*

Downey argues the evidence presented at trial was insufficient to support his conviction of child molesting, a Class A felony. In sufficiency of the evidence claims, we neither reweigh the evidence nor judge the credibility of the witnesses. *Perry v. State*, 638 N.E.2d 1236, 1242 (Ind. 1994); *Byrd v. State*, 707 N.E.2d 308, 312

(Ind.Ct.App.1999). Rather, we look to the evidence that supports the verdict and all reasonable inferences that can be drawn therefrom. *Taylor v. State*, 681 N.E.2d 1105, 1110 (Ind.1997); *Chissell v. State*, 705 N.E.2d 501, 505 (Ind.Ct.App.1999). We will affirm a conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Taylor*, 681 N.E.2d at 1110. The uncorroborated testimony of a child victim is sufficient to support a conviction of child molesting. *Link v. State*, 648 N.E.2d 709, 713 (Ind.Ct. App.1995).

Child molesting under Ind.Code § 35–42–4–3[2] is divided into two subsections and encompasses the acts of sexual intercourse, deviate sexual conduct, and fondling or touching with the intent to arouse sexual desires. *Buck v. State*, 453 N.E.2d 993, 997 (Ind.1983). Of these acts, Downey was charged with and convicted of only child molesting by deviate sexual conduct under subsection (a). On this charge, the State was required to prove Downey (1) performed or submitted to (2) deviate sexual conduct (3) with a child under the age of fourteen. Ind.Code § 35–42–4–3(a). Deviate sexual conduct is "an act involving: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the mouth or anus of a person by an object."[3] § 35–41–1–9.

Downey argues his conviction must be vacated because there was insufficient evidence of an act involving his sex organ and the victim's anus or mouth. The evidence adduced by the State, he continues, established that Downey rubbed his penis between C.C.'s buttocks, not that he made

---

1. Ind.Code § 35–42–4–3(a).

2. Ind.Code § 35–42–4–3 states:
   (a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting....
   . . . .
   (b) A person who, with a child under fourteen (14) years of age, performs or sub-

mits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting.

3. The jury was instructed only on the first definition of deviate sexual conduct.

contact with her anus. The distinction between an act involving the anus or mouth and an act involving only the buttocks, he argues, requires reversal. We agree.

■ Conviction of child molesting by deviate sexual conduct explicitly requires an act involving the sex organ of one and the mouth or anus of another. The legislature has not given any special meaning to the term "anus" and it is not this court's role to give statutory language any meaning other than its plain, ordinary, and usual meaning. *JKB, Sr. v. Armour Pharm. Co.*, 660 N.E.2d 602, 605 (Ind.Ct.App. 1996). The plain and ordinary meaning of "anus," or anal orifice, is "the lower opening of the digestive tract, lying in the fold between the nates [buttocks], through which fecal matter is extruded." *Stedman's Medical Dictionary* 95 (4th ed.1976). The "buttocks," or nates, are "the prominence formed by the gluteal muscles," *id.* at 923, or "the two rounded prominences separated by a median cleft that form the lower part of the back . . . and consist largely of the gluteus muscles." *Webster's Third New International Dictionary* 305 (1976). The words are not synonyms as they describe entirely different parts of the anatomy. Had the legislature intended for Ind.Code § 35–41–1–9 to encompass acts involving body parts other than the mouth or anus, it was free to so specify its intent. Since it did not so specify, we must read the statute as written and strictly construe it against the State. *Becker v. State*, 703 N.E.2d 696, 698 (Ind.Ct.App.1998).

The evidence presented by the State at trial was that Downey rubbed his erect penis between his eleven-year-old stepdaughter's buttocks. During questioning by the State, C.C. testified:

A. He rubbed his penis in the back of me.

Q. Okay. When you say in the back of me, what part of you?

A. My butt cheeks.

Q. Your butt cheek. Okay. And how was he rubbing his penis in your butt cheeks?

A. Up and down.

(R. at 181–82.) Detective Hochstetler, who elicited admissions from Downey, testified:

A. [H]e told me that he had – either he pulled [C.C.'s] pants and underwear down or had her pull them down – uh – rolled her over on the couch onto her stomach, and then he got on top of her. And then he told me that her [sic] inserted – or he put his penis between her cheeks of her bottom – or the cheeks of her butt and started pumping her, or humping her.

. . . .

A. John told me that – uh – first of all he was – he wanted to make it clear to me that all he did was put his penis between the cheeks of her butt, that he did not penetrate her anus with his – with his penis. It was just – he was just rubbing it between her cheeks.

(R. at 240–42.) Downey's own confession indicates that:

She rubbed me with her hand and I rubbed her brest [sic]. Then I pulled down her pants and had her lay on her stomach while I humped her but [sic]. I did not put it in just rubbed it against her.

(R. at 246.) Similar testimony was given by Ed Pereira, a child sexual abuse counselor to whom Downey admitted that "he had fondled her chest area; that he had rubbed his penis on her butt; and that she also had fondled his penis." (R. at 294.) The State never offered specific evidence or argued that any contact had been made between C.C.'s anus and Downey's penis. The only evidence presented was that Downey's penis rubbed against or between C.C.'s buttocks.

■ The State argues there was sufficient evidence to support conviction despite the lack of direct evidence showing actual contact between C.C.'s anus and

Downey's penis because it did not need to prove penetration. While proof of anal penetration may not be required to convict of child molesting by deviate sexual conduct, *Crabtree v. State*, 547 N.E.2d 286, 291 (Ind.Ct.App.1989), for an act to "involve" the anus there must be contact with the anus. *Cf. Knowlton v. State*, 178 Ind. App. 420, 427 n. 4, 382 N.E.2d 1004, 1009 n. 4 (1978) (acknowledging in dicta that the act of fellatio did not require penetration and could be accomplished by a touching). In this case, there was evidence of contact only with the buttocks—not with the anus. To hold that a person could commit deviate sexual conduct without contact with the anus would yield a result surely not intended by the legislature.

■ Additionally, the State argues because the anus lies between the buttocks, a jury could reasonably infer an act involving the anus. Although it may be undesirable to require the child witness to articulate with anatomical precision the nature of the contact in a trial for child molesting by deviate sexual conduct, *cf. Spurlock v. State*, 675 N.E.2d 312, 315 (Ind.1996) (discussing why a detailed anatomical description of penetration for purposes of supporting a conviction of child molesting by sexual intercourse was both unnecessary and undesirable), it remains necessary that the State prove *all* the elements of the offense. In this case, an act involving the anus is an element. Certainly, upon questioning, a child C.C.'s age could differentiate between her buttocks and her anus; and here, all who testified on the subject, including the victim, stated only that Downey rubbed his penis against or between her buttocks. We find the evidence insufficient to permit a jury to infer beyond a reasonable doubt that Downey engaged in an act involving his penis and C.C.'s anus when the only evidence presented at trial was that Downey rubbed his penis against or between her buttocks.

In *Shackelford v. State*, 622 N.E.2d 1340, 1344 (Ind.Ct.App.1993), we reversed a conviction of child molesting by deviate sexual conduct because the victim's testimony made it impossible for the jury to make a finding beyond a reasonable doubt. The victim testified Shackelford had touched one of her "private parts" with his penis, that he had kissed her private parts, and that she had kissed his private parts. In describing her private parts, the victim included her breasts. She was never asked to define what she meant when she referred to Shackelford's private parts. Though it was clear that an inappropriate touching or fondling took place, the evidence was not sufficient to permit a jury to infer beyond a reasonable doubt that Shackelford had engaged in an act involving his penis and her mouth or anus or her sex organ and his mouth.

■ Similarly, in this case, while clearly an inappropriate touching took place, the evidence was insufficient to permit a jury to infer beyond a reasonable doubt that Downey engaged in an act involving his penis and C.C.'s anus. Despite their proximity, the buttocks and anus are not the same, and an inference that contact with the buttocks necessarily includes contact with the anus cannot be made beyond a reasonable doubt in this case. Therefore, the evidence was insufficient to convict Downey as charged.

### B. *Modification of Judgment*

■ The State argues if we find insufficient evidence to sustain Downey's conviction, we should remand and order a modification of the judgment to reflect conviction of a lesser included offense.[4] It correctly notes that, on appeal, this court may remand to the trial court with instructions to vacate the judgment and sentence

---

4. The State does not specify to which offense the judgment should be modified. From its argument, we surmise it to be child molesting by fondling or touching under § 35–42–4–3(b)

as the elements of proof for that offense most nearly track those of child molesting by deviate sexual conduct under subsection (a).

as to one offense and to enter judgment on a lesser included offense when there has been an insufficiency of evidence on a particular element of the convicted offense. *Nunn v. State,* 601 N.E.2d 334, 339 (Ind. 1992). We are, however, unable to modify the conviction in this case to the lesser offense of child molesting by fondling or touching as the State suggests we do. While child molesting by fondling or touching is a lesser offense than child molesting by deviate sexual conduct in terms of sentencing, it is neither inherently nor factually *included* in the greater offense and is in fact an entirely separate offense.

As the State concedes, child molesting by deviate sexual conduct and child molesting by fondling or touching are separate and distinct offenses and are not inherently included in one another. § 35–42–4–3. *See also Buck,* 453 N.E.2d at 997 ("[D]eviate sexual conduct under subsection (a) and touching or fondling with intent to arouse sexual desires under subsection (b) are two separate and distinct crimes, neither of which would be a lesser included offense of the other."). Each offense contains an element not required by the other. Child molesting by deviate sexual conduct requires an act involving the sex organ of one person and the mouth or anus of another while child molesting by fondling or touching requires an intent to arouse or to satisfy the sexual desires of either party.

▇▇▇▇▇ That an offense is not inherently included in another does not, however, end the inquiry. If an offense is not inherently included in a greater offense, the lesser offense may nonetheless be included if the factual allegations in the charging instrument satisfy all the statutory elements necessary for conviction of the lesser offense. *McGowan v. State,* 671 N.E.2d 1210, 1212 (Ind.Ct.App.1996) (citing *Wright v. State,* 658 N.E.2d 563, 567 (Ind.1995)). The State, however, can foreclose instruction on an offense that is not inherently included but potentially factually included "by omitting from a charging instrument factual allegations sufficient to charge the lesser offense." *Wright,* 658 N.E.2d at 570. Such an omission from the charging instrument took place when the State charged Downey.

Downey was charged in a single count: On or about April 5, 1998, . . . Johnny L. Downey, then twenty-five (25) years of age, performed or submitted to deviate sexual conduct with a child under the age of fourteen (14) years of age, to wit: 11 years old, DOB: 1–3–87.

(R. at 25.) This charging information fails to allege the intent to arouse or satisfy sexual desires—an element of child molesting by fondling or touching. In a similar case, *Phillips v. State,* 518 N.E.2d 1129 (Ind.Ct.App.1988), we held that where an information charged the offense of child molesting by sexual deviate conduct but did not allege an intent to arouse or satisfy sexual desires, it failed to provide notice of the offense of child molesting by fondling or touching so as to provide the defendant the opportunity to "prepare his defense and be protected from double jeopardy." *Id.* at 1131 (citing *Blackburn v. State,* 260 Ind. 5, 11, 291 N.E.2d 686, 690 (1973)). "That the necessary intent may be inferred from the form of touching or other circumstances does not at all alter the necessity of intent as an element of the offense." *Id.* at 1131 n. 2. Even if the jury could infer intent based on the defendant's conduct, this court cannot make that inference in its place when Downey was not on notice of intent as an element to be defended against and the jury was never so instructed.

We can only speculate as to the State's reasoning behind charging Downey only with deviate sexual conduct. Their ill-considered decision not to charge Downey with the offense of child molesting by fondling or touching leaves us with no option but to reluctantly vacate his conviction.

## CONCLUSION

The evidence is insufficient to support conviction of child molesting by deviate

sexual conduct and the conviction must be vacated. Additionally, we cannot order modification to child molesting by fondling or touching because that offense is not inherently included in the offense of child molesting by deviate sexual conduct and is foreclosed by the charging information as a factually included offense.

Vacated.

KIRSCH, J., concurs.

BAILEY, J., dissenting with opinion.

**BAILEY, Judge dissenting**

I respectfully dissent. Given that evidence of contact between Downey's penis and C.C.'s anus is sufficient evidence to support the act of deviate sexual conduct as charged, and that the specific testimony of C.C. is distinguishable from the testimony presented by the victim in *Shackelford v. State*, 622 N.E.2d at 1344 (*see* majority opinion at 798), I conclude that the jury was presented with sufficient evidence from which to find beyond a reasonable doubt that Downey's penis came into contact with C.C.'s anus.

Moreover, I believe that our supreme court's ruling in *Spurlock v. State*, 675 N.E.2d 312 (Ind.1996), is due weightier consideration in our current analysis. In *Spurlock*, our supreme court concluded that a "jury had no evidence from which it could find Spurlock guilty beyond a reasonable doubt of the count of child molesting that was based upon an alleged act of intercourse." *Id.* at 315. However, before holding such, our supreme court warned against "unwarranted questioning and cross-examination regarding the details and extent of penetration." *Id.* The at-issue victim testimony in *Spurlock* was as follows:

Q: When you say he tried to have sex with you, what do you mean?

A: Have sex with me.

Q: Okay ... He was trying to put his penis inside you?

A: Yes.

Q: Did he do that or do you know?

A: I don't know.

*Id.* Here, C.C. testified as follows:

A: He rubbed his penis in the back of me.

Q: Okay. When you say in the back of me, what part of you?

A: My butt cheeks.

Q: ...And how was he rubbing his penis in your butt cheeks.

A: Up and down.

(R. 181–82.) Unlike the void in testimony regarding penetration in *Spurlock*, here, testimony revealed that Downey's erect penis was moving "up and down" (or as Downey described it "hump[ing]") between the nates of eleven-year-old C.C., and the jury concluded that contact (in whatever fashion and however limited or short in duration) was made between some portion of Downey's penis, as that part of the human anatomy is defined in *Stedman's Medical Dictionary* 1049 (4th ed.1976), and C.C.'s anus. Under these circumstances, it is "unnecessary and undesirable" to demand more explicit testimony. *Spurlock v. State*, 675 N.E.2d at 315.

Additionally, we need not invade the province of the jury in any assessment it may have made regarding the physical characteristics of both the victim and the defendant, and the role any such assessment may have played in the jury's determination of guilt. Clearly, the jury was in the best position to consider the likelihood of contact between this adult male's penis, which was erect and moving in a "hump[ing]" motion, with that of the anus of this eleven-year-old. The jury's conclusion that some part of Downey's penis came into contact with C.C.'s anus while he "humped" her is, if not explicit from the testimony, an inference that may be reached beyond reasonable doubt.

Accordingly, C.C.'s specific testimony, our supreme court's warning language in *Spurlock*, and the role the jury assumes in weighing the evidence, when considered

against the necessity of strictly construing penal statutes against the State, *see Becker v. State*, 703 N.E.2d at 698, can only result in an affirmance of the jury's conviction. For these reasons, I dissent.