**Bill C. THOMPSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–0103–CR–107.**

Court of Appeals of Indiana.

Jan. 16, 2002.

Kurt A. Young, Nashville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Martha Warren–Rosenfeld, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Bill C. Thompson (Thompson), appeals his conviction of sexual battery, a Class D felony, Ind.Code § 35–42–4–8. Thompson also appeals the sentence imposed on him by the trial court.

We reverse and remand.

### ISSUES

Thompson raises the following issues on appeal, which we restate as follows:

1. Whether the trial court erred in finding sexual battery to be a lesser-included offense of rape.

2. Whether Thompson was denied credit for all the time he had served prior to his sentencing.

### FACTS AND PROCEDURAL HISTORY

On May 9, 1998, the victim (T.M.) and a male friend, Kelly Reed (Reed), moved into Kathryn Trent's (Trent) apartment. On that same day, T.M. met Thompson, who was also residing at Trent's apartment. T.M. testified that later that night, as she slept on the sofa, she felt "soft kisses" on her face and her shorts and underwear were removed. (R. 30). T.M. also testified that, at first, she thought it was Reed doing these things to her, but when she realized that it was Thompson, he was already on top of her. According to her testimony, T.M. told Thompson "no." (R. 32). However, Thompson placed his hand over T.M.'s mouth and told her to be quiet. After that, T.M. testified that she "froze" and thought Thompson was "going to hit" her. (R. 32). Thompson pinned T.M. to the sofa with his body weight while he took off his jeans and inserted his penis into her vagina.

Afterward, T.M. testified that she got up and went to Trent's bedroom. She told Trent that Thompson had raped her. T.M. and Trent left the apartment, drove to a restaurant, and the police were contacted. T.M. was taken to a hospital and examined.

On October 6, 1999, the State filed an information against Thompson, charging him with rape, a Class B felony, Ind.Code § 35–42–4–1. On October 31, 2000, the State filed a motion to amend the information to add a date and include Thompson's name. On November 1, 2000, the motion to amend was granted. On December 4, 2000, Thompson and the State waived a trial by jury, and a bench trial was held. The trial court found Thompson not guilty of rape, but did find him guilty of sexual battery as a lesser-included offense of rape.

On January 5, 2001, a presentence investigation report (PSI) was filed. On January 9, 2001, a sentencing hearing was held. Thompson was sentenced to:

Three years in the Department of Corrections [sic], two of those years will be suspended, first six months will be in the Marion County Jail. You have to do a total of ninety days, you have fifty in, got forty left, balance of six months will be on home detention. You'll be placed on probation for the suspended period which is two years.

(R. 208). On February 8, 2001, Thompson filed a Motion to Correct Errors, which the court denied on February 15, 2001.

This appeal followed. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

### I. Sexual Battery as Lesser–Included Offense of Rape

Thompson was charged with rape, but he was convicted of sexual battery as a lesser-included offense. Thompson argues that the trial court erred in finding sexual battery to be a lesser-included offense of rape. We agree.

Ind.Code § 35–42–4–1 provides, in pertinent part, as follows:

(a) ... a person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when:

(1) the other person is compelled by force or imminent threat of force; ... commits rape, a Class B felony.

Ind.Code § 35–42–4–8 provides, in pertinent part, as follows:

(a) ... a person who, with intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person, touches another person when that person is:

(1) compelled to submit to the touching by force or imminent threat of force; or ...

commits sexual battery, a Class D felony.

In order for sexual battery to be a lesser-included offense of rape, according to Ind.Code § 35–41–1–16, it must be "established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged." A review of these statutes reveals that each crime contains an element that the other does not, thereby excluding sexual battery as a lesser-included offense of rape.

██ Sexual battery requires a touching with the intent to arouse or satisfy one's own sexual desires or those of his victim, which is not required for rape. *See* Ind. Code § 35–42–4–8; Ind.Code § 35–42–4–1. This element was not proven by sufficient evidence at trial. Nowhere in the record or in the amended information charging Thompson with rape was it stated that Thompson touched T.M. with the intent to arouse or satisfy his own sexual desires or those of T.M.

Furthermore, in *Scrougham v. State*, 564 N.E.2d 542, 546 (Ind.App.Ct.1990), *trans. denied*, this court held that sexual battery is not a lesser-included offense of rape. Granted, we recognize that *Scrougham* is considered impliedly overruled. In *Griffin v. State*, 583 N.E.2d 191, 195–196 (Ind.Ct.App.1991), *reh'g denied*, this court held that "[i]nasmuch as child molesting as fondling and touching with intent to gratify includes all the same elements of sexual battery, the applicability of *Bowling* [*v. State*, 560 N.E.2d 658 (Ind.1990) ] and *Watkins* [*v. State*, 571 N.E.2d 1262 (Ind. Ct.App.1991) ] are apparent as is the implicit overruling of *Scrougham*." However, as Thompson points out, and we agree, *Scrougham* appears to be impliedly over-

ruled on grounds that do not change the rule of law stated above. Moreover, we must note that there is no case law that explicitly overrules *Scrougham* in its holding that sexual battery is not a lesser included offense of rape.

▉ Additionally, "it is well-established that due process requires that a defendant be given notice of the crime or crimes with which he is charged so that he can prepare his defense. Absent sufficient notice that a particular offense is charged, a defendant cannot be convicted of that crime." *Lewis v. State*, 413 N.E.2d 1069, 1071 (Ind.Ct.App.1980). The State argues that based on its charging information, Thompson was given ample notice and opportunity to prepare a defense. We disagree.

In *Downey v. State*, 726 N.E.2d 794, 799 (Ind.App.Ct.2000), *trans. denied*, this court held as follows:

> This charging information fails to allege the intent to arouse or satisfy sexual desires—an element of child molesting by fondling or touching. In a similar case, *Phillips v. State*, 518 N.E.2d 1129 (Ind.Ct.App.1988), we held that where an information charged the offense of child molesting by sexual deviate conduct but did not allege an intent to arouse or satisfy sexual desires, it failed to provide notice of the offense of child molesting by fondling or touching so as to provide the defendant the opportunity "to prepare his defense and be protected from double jeopardy." *Id.* at 1131 (citing *Blackburn v. State*, 260 Ind. 5, 11, 291 N.E.2d 686, 690 (1973)). "That the necessary intent may be inferred from the form of touching or other circumstances does not at all alter the necessity of intent as an element of the of-

fense." *Id.* at 1131 n. 2. Even if the jury could infer intent based on the defendant's conduct, this court cannot make that inference in its place when Downey was not on notice of intent as an element to be defended against and the jury was never so instructed.

The charge brought against Thompson, as set forth in the amended information, states, in pertinent part, as follows:

> On or between May 9, 1998 and May 10, 1998, Bill Thompson did knowingly have sexual intercourse with [T.M.], a member of the opposite sex, when [T.M.] was compelled by force or the imminent threat of force;

(Appellant's Appendix at 53).

With this, we find that the charging information failed to advise Thompson of the intent element—that he intended to arouse or satisfy his own sexual desires or the sexual desires of T.M. *See* Ind.Code § 35-42-4-8. Thus, Thompson was not given notice of the elements of the crime that he was ultimately convicted of and was unable to adequately prepare his defense. *See Downey*, 726 N.E.2d at 799; *Lewis*, 413 N.E.2d at 1071. Therefore, he cannot be convicted of that crime, *i.e.* sexual battery. *See Lewis*, 413 N.E.2d at 1071.

Accordingly, we hold that the trial court erred in convicting Thompson of sexual battery as a lesser-included offense of rape.

## II.  *Denial of Credit for Time Served* [1]

Thompson argues that he was denied credit for all the time he had served prior to his sentencing. In *Weaver v. State*, 725 N.E.2d 945, 947–948 (Ind.Ct.App.2000), this court held: "Indiana Code Section 35–50–6–3 sets forth in no uncertain terms

---

1. We note that our reversal of Thompson's conviction makes the issue of sentencing moot. However, in the event that this issue comes before the trial court again, we would like to address it at this time.

that a person confined awaiting trial or sentencing is statutorily entitled to one day of credit for each day he is so confined; therefore, pre-sentence jail time credit is a matter of statutory right, not a matter of judicial discretion." Thus, Thompson is entitled to credit for all the time he served while awaiting trial on the charge brought before him. *Bischoff v. State,* 704 N.E.2d 129, 130 (Ind.Ct.App. 1998), *trans. denied.*

Thompson maintains that he had served time when the first information was filed, which set forth the same charge as the second information. However, there is a discrepancy in the amount of time he actually did serve. Further, there is evidence in the record that Thompson was rearrested for public intoxication while out on bond during the pendency of the present cause of action. If, in fact, he did serve some time on another charge prior to his sentencing in this matter, he is not entitled to credit for that. *Id.*

At the sentencing hearing the following exchange took place between Thompson's counsel and the court.

> *MR. GARCIA:* . . . he has served forty . . .
>
> *THE COURT:* Forty-one . . .
>
> *MR. GARCIA:* . . . one days on this charge, however, he also has an additional seventy actual days on the same facts, just under a different cause number which really comes to forty, plus seventy, that's a hundred and ten days that he would have actually served on this case.
>
> *THE COURT:* He's got fifty on this one.
>
> *MR. GARCIA:* He's got fifty on this one.
>
> *THE COURT:* Fifty on this one, I was just informed by Ms. Journey.
>
> *MR. GARCIA:* Okay.

(R. 202–203). From this point on, the trial court used the number fifty. There were no objections to this. Nor was there any evidence presented to rebut this number.

■ "It is Appellant's duty to present an adequate record clearly showing the alleged error. Where he fails to do so, the issue is deemed waived." *Jackson v. State,* 496 N.E.2d 32, 33 (Ind.1986) (citation omitted). Because Thompson has failed to present us with sufficient information to determine the credit he should receive for time served, he has waived the issue.

### CONCLUSION

Based on the foregoing, we conclude that the trial court erred in convicting Thompson of sexual battery as a lesser-included offense of rape. We also conclude that the trial court did not err in giving Thompson fifty credit days for time served.

Reversed and remanded.

SHARPNACK, J., and NAJAM, J., concur.