**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**GARY WAYNE SHORTT**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GARY WAYNE SHORTT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1212-CR-590 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable Jack A. Tandy, Judge
Cause No. 73D01-0801-FC-2

**July 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Gary Wayne Shortt appeals the denial of his Motion for Earned Credit Time and to Correct Error in Sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 19, 2008, the trial court sentenced Shortt to seven years, with four years executed and three on probation, for Class C felony operating a vehicle after forfeiture for life.[1] As a condition of his probation, Shortt was to serve 270 days on home detention.

On March 20, 2012, the State filed a petition to revoke Shortt's probation and Shortt admitted he violated probation. The trial court ordered Shortt to serve the remainder of his sentence, two years, consecutive to a sentence in Johnson County.

On December 5, 2012, Shortt, *pro se*, filed a Motion for Earned Credit Time and to Correct Error in Sentence. He alleged the trial court should have given him 270 days credit time for the time he was serving home detention as a condition of his probation. The trial court denied Shortt's motion.

## DISCUSSION AND DECISION

We first note Shortt proceeds in his appeal *pro se*. It is well settled that *pro se* litigants are held to the same standard as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. They also are required to follow procedural rules. *Id.*

Shortt argues the trial court erred when it denied him 270 days credit for the time he allegedly spent on home detention as part of his probation. "It is Appellant's duty to present

---

[1] Ind. Code § 9-30-10-17.

an adequate record showing the alleged error. Where he fails to do so, the issue is deemed waived." *Thompson v. State*, 761 N.E.2d 467, 471 (Ind. Ct. App. 2002). Shortt has not provided anything in the record to demonstrate how many of the 270 ordered days he actually served on home detention. Therefore, the issue is waived. *See id.* Accordingly, we affirm the trial court's denial of his motion.

Affirmed.

BAKER, J., and MATHIAS, J., concur.