



FILED

Apr 28 2025, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Santos Sotero Padilla,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

April 28, 2025

Court of Appeals Case No.
24A-CR-2101

Appeal from the Marion Superior Court

The Honorable Jennifer Harrison, Judge

Trial Court Cause No.
49D20-2212-F1-034047

---

**Opinion by Judge Vaidik**
Judges Bailey and DeBoer concur.

**Vaidik, Judge.**

## Case Summary

[1] Santos Sotero Padilla was charged with Count I: Level 1 felony child molesting based on sexual intercourse and Count II: Level 1 felony child molesting based on "other sexual conduct." After presentation of the evidence at trial, the State requested, and the trial court gave, jury instructions for attempted child molesting as included offenses for both Counts I and II. The jury found Padilla guilty as charged. Padilla now appeals, arguing the evidence is insufficient to prove (1) that he penetrated the victim's sex organ as required by Count I and (2) an act involving his penis and the victim's anus or the penetration of the victim's anus by an object as required by Count II.

[2] The State argues that even if the evidence is insufficient to prove Counts I and II for the reasons argued by Padilla, the evidence is sufficient to prove the included offense of attempted child molesting on both counts. We agree with the State, vacate Padilla's convictions on Counts I and II, and remand with instructions for the trial court to enter judgment of conviction for Level 1 felony attempted child molesting on both counts and to resentence Padilla accordingly.

## Facts and Procedural History

[3] In 2022, D.G. lived in Indianapolis with her aunt, her two cousins, E.G. and C.G., and her aunt's boyfriend, Padilla. On December 14, D.G., then nine years old, disclosed during a haircut that she was being molested, most recently

the day before. Police were called and responded to her house. D.G. was taken to the hospital, where she underwent a forensic examination. Male DNA was found on an internal genital swab, but there was not enough DNA to develop a profile. D.G. also was interviewed by a child-abuse detective. During the interview, D.G. said she was being sexually abused by both Padilla and sixteen-year-old E.G.

[4] Padilla was taken to the police station, where he waived his *Miranda* rights and was interviewed by police. One of the officers interpreted for Padilla. Padilla stated that "[t]he other day," he hugged and kissed D.G. Ex. Vol. II p. 65. Padilla acknowledged that he put his "private part in between [D.G.'s] legs" but claimed it was "never inside of her vagina" *Id.* at 107. He also acknowledged ejaculating.

[5] Thereafter, the State charged Padilla with five counts relating to D.G.: Count I: Level 1 felony child molesting (sexual intercourse), Count II: Level 1 felony child molesting ("other sexual conduct"), Count III: Level 4 felony child molesting (touching or fondling), Count IV: Level 4 felony child molesting (touching or fondling), and Count V: Level 5 felony criminal confinement.[1] The charges alleged that the offenses occurred between January 1, 2022, and December 14, 2022. The State also charged E.G. with five counts relating to

---

[1] The State also charged Padilla with two counts relating to C.G.: Count VI: Level 1 felony child molesting ("other sexual conduct") and Count VII: Level 4 felony child molesting (touching or fondling). Count VI was dismissed during trial, and the jury found Padilla not guilty of Count VII.

D.G.: Level 3 felony rape, Level 3 felony child molesting (sexual intercourse), Level 4 felony child molesting (fondling or touching), Level 5 felony criminal confinement, and Level 3 felony child molesting ("other sexual conduct").

[6] A joint jury trial for Padilla and E.G. was held in July 2024. D.G., who had just turned eleven, testified that Padilla had touched her "[a] lot of times." Tr. Vol. III p. 14. As relevant to this appeal—that is, whether the evidence is sufficient to support Padilla's convictions for Counts I and II—D.G. testified about three incidents. *See* Appellant's Br. pp. 6-8; Appellee's Br. pp. 5-7. For the most recent incident, D.G. testified that Padilla and E.G. had each separately molested her the day before she made the allegations in December 2022. Tr. Vol. III p. 14.

[7] As to Count I (sexual intercourse), D.G. testified that on two occasions, Padilla removed their clothes and then rubbed his body part "that pees" "against" her "front part," which she identified on a diagram. *Id.* at 7, 8, 15-16; Ex. 32. D.G. testified that Padilla was "going up and down" and that "[i]t didn't feel good." Tr. Vol. III pp. 8, 10, 16, 17. When the prosecutor asked D.G. if Padilla rubbed his penis on the "outside" or "inside" of her "front part," D.G. responded, multiple times, that he rubbed it on the "[o]utside." *Id.* at 8, 16-17. D.G. testified that when Padilla was finished, "white stuff" "came out of his private part." *Id.* at 9-10, 18.

[8] As to Count II ("other sexual conduct"), D.G. testified that Padilla removed their clothes, had her get on her belly, and "tried" to put his penis in her "butt":

Q: Earlier you said that he was trying to put his part to pee -- put it in you. What did you mean by that?

A: Like, tried to put it in my butt.

Q: And when he was doing that, what did it feel like?

A: It felt like I was forced.

Q: Did he try to make any movements?

A: He tried to go up and down.

Q: And was he able to?

A: I didn't let him, so he couldn't put it in.

Q: What do you mean by that?

A: I, like, didn't let him put his peeing thing inside.

Q: Do you know what made him stop?

A: When he just rubbed it against mine so then the white stuff came out.

* * * *

Q: Would he rub his peeing thing on the outside, inside, or something else with your butt?

A: On the outside.

Q: Did, at any point, he try to go inside your butt?

A: No.

*Id.* at 12-13, 21.

[9] After presentation of the evidence, the State requested jury instructions for attempted child molesting as included offenses for both Counts I and II. *See* Tr. Vol. IV pp. 113-20. Defense counsel objected to an attempt instruction for Count I, arguing "[t]he evidence suggests that the only thing that happened really was he -- rubbing, right? Rubbing of a part against another part. I think inherently that is, in fact, a Level 4 in that it's touching . . . ." *Id.* at 115. Defense counsel, however, did not object to an attempt instruction for Count II given D.G.'s testimony that Padilla "attempted" to insert his penis in her anus, but she "fought him off." *Id.* at 116. The trial court gave attempted-child-molesting instructions for both Counts I and II, which provided that if the jury found the State had failed to prove child molesting as charged in Counts I or II, it

> may then consider any included crime. The crime of attempted child molesting is included in the charged crime of child molesting.

> A person attempts to commit a child molest when, acting with the culpability required for commission of the child molest, he

engages in conduct that constitutes a substantial step toward commission of the child molest.

Appellant's App. Vol. II pp. 159-60 (Count I), 161-62 (Count II). For Count I, the jury instruction provided that to find the defendant guilty of attempted child molesting, the State had to prove, among other things, that Padilla "rub[bed] his penis on [D.G.'s] vagina," which "constitut[ed] a substantial step toward the commission of the crime of child molesting by sexual intercourse." *Id.* at 160. And for Count II, the jury instruction provided that to find the defendant guilty of attempted child molesting, the State had to prove, among other things, that Padilla "tr[ied] to insert his penis into [D.G.'s] anus," which "constitut[ed] a substantial step toward the commission of the crime of child molesting by other sexual conduct." *Id.* at 162. The jury found Padilla guilty as charged on Counts I-V. As a result, it didn't sign the verdict form for attempted child molesting on Counts I and II. *See id.* at 181, 183. The jury specifically found that the molestation involved "sexual intercourse" for Count I and "other sexual conduct" for Count II. *Id.* at 182, 184 (capitalization omitted). As for E.G., the jury found him guilty of only one of the five counts: Level 3 felony child molesting ("other sexual conduct"). *See* Tr. Vol. IV pp. 208-09.

[10] The trial court sentenced Padilla to 30 years each on Counts I and II, 6 years each on Counts III and IV, and 4 years on Count V. The court ordered the sentences for Counts I and II to be served consecutively and the sentences for Counts III-V to be served concurrently, for a total sentence of 60 years.

[11] Padilla now appeals.

# Discussion and Decision

[12] Padilla contends the evidence is insufficient to support his convictions for Count I: Level 1 felony child molesting based on sexual intercourse and Count II: Level 1 felony child molesting based on "other sexual conduct."[2] When reviewing sufficiency-of-the-evidence claims, we neither reweigh the evidence nor judge witness credibility. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We consider only the evidence supporting the verdict and any reasonable inferences that can be drawn from it. *Id.* We will affirm a conviction if there is substantial evidence of probative value to support each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[13] A person commits child molesting by knowingly or intentionally performing or submitting to sexual intercourse or "other sexual conduct" with a child under fourteen years old. Ind. Code § 35-42-4-3(a). The offense is a Level 1 felony if committed by a person at least twenty-one years old. *Id.* "'Sexual intercourse' means an act that includes any penetration of the female sex organ by the male sex organ." I.C. § 35-31.5-2-302. "Proof of the slightest penetration of the sex organ, including penetration of the external genitalia, is sufficient to sustain a conviction for child molestation based on sexual intercourse." *Boggs v. State*, 104

---

[2] Padilla doesn't challenge the sufficiency of the evidence for the other counts, make any double-jeopardy arguments concerning his Level 1 felony and Level 4 felony child-molesting convictions, or challenge the giving of the attempted-child-molesting jury instructions.

N.E.3d 1287, 1289 (Ind. 2018). "'Other sexual conduct' means an act involving: (1) a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." I.C. § 35-31.5-2-221.5.

[14] As for Count I, Padilla argues that "the State failed to prove beyond a reasonable doubt that [his] sex organ penetrated D.G.'s sex organ." Appellant's Br. p. 16. He highlights that D.G. was "clear" and "consistent" that he rubbed his penis "against" the "outside" of her "front part" and that when D.G. was "pressed by the prosecutor," she "held firm" that Padilla's penis stayed on the "outside." *Id.* Given D.G.'s insistence that Padilla touched the "outside" of her "front part," we agree with Padilla that the evidence is insufficient to prove penetration. *See Austin v. State*, 201 N.E.3d 1184, 1185 (Ind. Ct. App. 2022) (reversing defendant's convictions for Level 1 felony child molesting based on "other sexual conduct" where victim testified that defendant used his "whole hand" to rub "up and down" on the "outside" of her "private part" and that it made her feel "tingly" because her testimony didn't "establish even 'slight' penetration").

[15] As for Count II, Padilla argues that "the State failed to present sufficient evidence that [he] engaged in other sexual conduct because there was not proof beyond a reasonable doubt of an act of Padilla's penis and D.G.'s anus nor the penetration element of the offense." Appellant's Br. p. 18. He emphasizes D.G.'s testimony that Padilla "tried to put it in [her] butt" but she "didn't let him," that he rubbed the "outside" of her butt, and that she answered "no"

when asked, "Did, at any point, he try to go inside your butt?" Given this testimony, we agree with Padilla that the evidence is insufficient to prove an act involving Padilla's penis and D.G.'s anus or the penetration of D.G.'s anus by an object. *See Downey v. State*, 726 N.E.2d 794, 798 (Ind. Ct. App. 2000) (where a defendant was charged with Class A felony child molesting based on "deviate sexual conduct" (now "other sexual conduct"), finding the "evidence insufficient to permit a jury to infer beyond a reasonable doubt that [the defendant] engaged in an act involving his penis and [the victim's] anus when the only evidence presented at trial was that [he] rubbed his penis against or between her buttocks"), *reh'g denied*, *trans. denied*.

[16] The State argues that even if we find the evidence is insufficient, we should remand the case with instructions for the trial court to enter judgment of conviction on Counts I and II for the included offense of attempted child molesting, which the jury was instructed on. An "attempt" is made when a person, "acting with the culpability required for commission of the crime, . . . engages in conduct that constitutes a substantial step toward commission of the crime." I.C. § 35-41-5-1(a). Except for attempted murder, an attempt to commit a crime is the same level of felony as the crime attempted. *Id.* By statute, "an attempt to commit the offense charged" is an "included offense." I.C. § 35-31.5-2-168(2).

[17] The State directs us to cases where appellate courts have found the evidence insufficient on an element and remanded the case for the trial court to enter judgment of conviction on a lesser-included offense. *See, e.g., Gilliam v. State*,

508 N.E.2d 1270, 1271 (Ind. 1987) (finding evidence insufficient to prove attempted burglary because "the State did not present any evidence from which the jury could have inferred the nature of the felony that appellant intended to commit when he broke and entered the premises" and remanding "with instructions to enter a conviction for the lesser included offense of attempted criminal trespass, upon which an instruction had been given"), *reh'g denied*; *Nunn v. State*, 601 N.E.2d 334, 339 (Ind. 1992) (holding that an appellate court "may order a modification of a conviction judgment to that of a lesser included offense because of an insufficiency of evidence on a particular element of the crime" and remanding with instructions to vacate murder conviction and "enter judgment upon the lesser included offense of involuntary manslaughter"); *Patterson v. State*, 729 N.E.2d 1035, 1043 (Ind. Ct. App. 2000) (finding evidence insufficient to support the intent-to-commit-theft element of attempted burglary and remanding with instructions to enter conviction for lesser-included offense of residential entry). Padilla, notably, didn't file a reply brief challenging the State's alternative argument that we should order convictions for attempted child molesting.

[18] We agree with the State that we should remand this case for the trial court to enter judgment of conviction on Counts I and II for the included offense of attempted child molesting. We reach this decision for two reasons. First, Padilla had notice that he could be convicted of attempted child molesting. *See Young v. State*, 30 N.E.3d 719, 728 (Ind. 2015) ("Defendants must have 'fair notice' of the charges of which they may be convicted, including inherently or factually

included lesser offenses."). The jury was instructed on attempted child molesting for Counts I and II, and defense counsel argued during closing that Padilla did not commit attempted child molesting. Second, when the jury found Padilla guilty of child molesting, it necessarily weighed the evidence on attempt in order to reach its verdicts. Specifically, to find that Padilla committed child molesting, the jury necessarily had to find that Padilla "act[ed] with the culpability required for commission of the crime" and "engage[d] in conduct that constitute[d] a substantial step toward commission of the crime." I.C. § 35-41-5-1(a).

[19] We therefore reverse Padilla's convictions on Counts I and II and remand with instructions for the trial court to enter judgment of conviction for Level 1 felony attempted child molesting on both counts and to resentence him accordingly.

[20] Reversed and remanded.

Bailey, J., and DeBoer, J., concur.

ATTORNEY FOR APPELLANT

Christopher Taylor-Price
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana