**Frank WISNESKEY, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0004–CR–221.**

Court of Appeals of Indiana.

Oct. 13, 2000.

Jerry T. Drook, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Kostas A. Poulakidas, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

RILEY, Judge

*STATEMENT OF THE CASE*

Appellant–Defendant, Frank Wisneskey (Wisneskey), appeals his conviction of child

molesting, a Class A felony, Ind.Code § 35–42–4–3.

We affirm.

## ISSUE

Wisneskey raises one issue on appeal, which we restate as follows: whether the State presented sufficient evidence to convict him of child molesting.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment are as follows. On June 4, 1999, T.L., age 12, went to Wisneskey's house with two friends to do housework. After T.L. helped pick up trash outside, Wisneskey told him to come inside the house. Once inside the house, Wisneskey locked the door. When T.L. tried to leave the house, Wisneskey grabbed him and pulled off his shorts. Wisneskey held T.L.'s face down on a couch and pulled off T.L.'s underwear, mounted him and stuck his penis in T.L.'s "butt." (R. 99). T.L. testified that this attack hurt him and lasted three to five minutes.

Wisneskey was charged with child molesting, as a Class A felony, and confinement, as a Class D felony. On November 9, 1999, Wisneskey was convicted of child molesting and found not guilty of confinement at a bench trial. On January 14, 2000, the trial court sentenced Wisneskey to thirty (30) years in the Department of Correction.

## DISCUSSION AND DECISION

▪ Wisneskey argues that the State failed to present sufficient evidence to sustain his conviction for child molesting, a Class A felony, Ind.Code § 35–42–4–3. In reviewing claims of insufficient evidence, our court neither reweighs the evidence nor judges the credibility of witnesses. *Elliott v. State,* 690 N.E.2d 774, 776 (Ind. Ct.App.1998). We consider only the evidence supporting the judgment and all the reasonable inferences drawn therefrom. *Id.* If each element of the crime is sup-

ported by substantial evidence, we will affirm. *Id.* "If there is substantial evidence of probative value from which a trier of fact could find guilt beyond a reasonable doubt, we will affirm the conviction." *Newman v. State,* 677 N.E.2d 590, 593 (Ind.Ct.App.1997)(citing *Gant v. State,* 668 N.E.2d 254, 255 (Ind.1996)). Further, the uncorroborated testimony of a child victim is sufficient to support a conviction of child molesting. *Link v. State,* 648 N.E.2d 709, 713 (Ind.Ct.App.1995).

Wisneskey was convicted of child molesting under Ind.Code § 35–42–4–3(a), which provides as follows:

(a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if:

(1) it is committed by a person at least twenty-one (21) years of age;

Ind.Code § 35–41–1–9 defines "Deviate sexual conduct" as an act involving: "(1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Here, Wisneskey, age 70, was accused and convicted of performing deviate sexual conduct on T.L., age 12. The act involved the sex organ of Wisneskey and the anus of T.L.

▪ Although evidence of the penetration of a child's anus with a defendant's penis will establish deviate sexual conduct, the State is not required to introduce evidence of penetration. *Crabtree v. State,* 547 N.E.2d 286, 291 (Ind.Ct.App. 1989). Instead, the State need only establish that the defendant committed a sex act with his penis involving the child's anus. *See Id., see also* Ind.Code § 35–41–1–9(1) and *Downey v. State,* 726 N.E.2d 794, 798 (Ind.Ct.App.2000), *reh'g denied, trans. denied.* Further, our supreme court has noted that in child molestation cases a detailed anatomical description by the victim is unnecessary and undesirable. *Spurlock v. State,* 675 N.E.2d 312, 315 (Ind.

1996). The court reasoned that many people are unable to precisely describe anatomical features and further, that such a requirement would subject victims to unwarranted questioning and cross-examination. *Id.* Thus, despite a child's unfamiliarity with anatomical terms and limited sexual vocabulary, a conviction for child molesting may rest solely upon the uncorroborated testimony of the child. *Butcher v. State,* 627 N.E.2d 855, 862 (Ind.Ct.App. 1994).

On appeal, Wisneskey argues that the State failed to prove that he performed an act that involved T.L.'s anus, a necessary element of the crime. Therefore, Wisneskey concludes that the evidence was insufficient to support his conviction of child molesting. In support of his position, Wisneskey relies on *Downey,* 726 N.E.2d 794. In *Downey,* the defendant was convicted of child molesting as a Class A felony. *Id.* at 796. At trial, the victim testified that Downey had rubbed his penis up and down between her "butt cheeks." *Id.* at 797. There was also testimony from a police detective and a child sexual abuse counselor that Downey admitted to them that he had rubbed his penis between the child's "butt cheeks" and was "humping" her, but that he did not penetrate her. *Id.* Because there was evidence of contact with only the victim's buttocks, and not with her anus, another panel of this court concluded that there was insufficient evidence to convict Downey.

Relying on *Downey,* Wisneskey argues that because T.L. did not use the term "anus," the State did not satisfy its burden that Wisneskey committed a sex act involving his penis and T.L.'s anus. We disagree and conclude that *Downey* is not controlling here as the facts of this case differ from *Downey.*

1. As discussed in the *Downey* decision, the buttocks is defined as " 'the prominence formed by the gluteal muscles' "[*Stedman's Medical Dictionary* 95 (4th ed.1976) ] or " 'the two rounded prominences separated by a me-

dian cleft that form the lower part of the back ... and consist largely of the gluteus muscles.' " *Id.* at 797 *citing Webster's Third New International Dictionary* 305 (1976).

T.L. testified that Wisneskey stuck his "private in [T.L.'s] butt." (R. 99). T.L. explained that Wisneskey's "private" is "[t]he thing he pees out of." *Id.* T.L. also testified that this act hurt him and lasted three to five minutes. This evidence leads to the reasonable inference that Wisneskey inserted his penis in T.L.'s anus causing him pain. Logically, T.L. could not have been strictly referring to his buttocks when testifying about his "butt," as asserted by Wisneskey, because the buttocks contain no orifice to stick a penis "in."[1] Furthermore, T.L.'s testimony that it hurt when Wisneskey stuck his penis in his "butt," can reasonably lead to the inference that the pain was the result of the child being sodomized. Thus, the evidence is sufficient to prove that Wisneskey committed an act involving his penis and T.L.'s anus.

## CONCLUSION

Consequently, we conclude that the State presented sufficient evidence to prove beyond a reasonable doubt that Wisneskey committed child molesting by performing deviate sexual conduct on a twelve year old child.

Affirmed.

BARNES, J., and BAILEY, J., concur.