**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO-SE:

**CHARLES E. JUSTISE, SR.**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

FILED

May 22 2012, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CHARLES E. JUSTISE, SR., | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No.  49A02-1105-CR-408 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49G06-0608-FA-159374

**May 22, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Charles E. Justise, Sr., appeals his convictions of two counts of child molesting,[1] a class A felony and a class C felony. Specifically, Justise argues that he was denied his due process rights when the State failed to disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). Justise also contends that the trial court erred in refusing to allow him to impeach the victim with evidence of her prior sexual history and that there is insufficient evidence to support his convictions. Finding no error and concluding that the evidence was sufficient, we affirm the decision of the trial court.

FACTS

On June 21, 2006, twelve-year-old D.B. spent the night at the home of Justise, her father, and Shawna Winston, her father's girlfriend. Justise and D.B. watched a movie, and D.B. fell asleep on a pallet on the floor in an upstairs bedroom. She awoke in the middle of the night when she felt Justise "feeling on her." Tr. p. 63. Justise had pulled up D.B.'s shirt and bra and was touching her breasts with his lips. Justise told D.B. to go downstairs with him, and she did. Justise bent D.B. over one of the living room couches, removed her pants, and rubbed his penis against the cheeks of her buttocks for two to three minutes. Justise then moved D.B. to another couch where he got on top of her and tried to place his penis inside her vagina. There was no penetration. Justise then placed D.B. on his lap, placed his finger inside her vagina, and moved it around in circles. Justise told D.B. that it was going to "tingle a little bit." Tr. p. 71. Justise raised D.B. off

---

[1] Ind. Code § 35-42-4-3.

of his lap and told her to "remember [that] this never happened." Tr. p. 72. D.B. went upstairs and cried.

A few days later, D.B. told both her aunt, Ashley Jackson, and Winston what had happened. Winston informed D.B.'s mother about the molestation. When D.B. confirmed to her mother what had occurred, D.B.'s mother contacted the Indianapolis Metropolitan Police Department. D.B. was interviewed at Child Protective Services and examined by Methodist Hospital Sexual Assault Nurse Linda Kelley. Kelley noticed that D.B. showed notches or clefts on her hymen that could have been caused by something inserted into her vagina.

Detective Gregory Norris was assigned to the case. During his investigation, the detective downloaded recordings of telephone calls between Justise and Winston and Justise and D.B. while Justise was incarcerated in the Marion County Jail on other charges during June and July 2006. Many of the telephone calls made during that time period were not recorded. According to Buzz Michael, the keeper of inmate phone records at the Marion County Jail, the system failed to download approximately 90,000 phone calls due to a system wide failure. The logs indicated that the calls had been made, but the recordings did not exist. Michael explained that there was "no rhyme or reason behind which calls were lost and which calls were kept." Tr. of Pre-trial Hearing p. 17.

In October 2006, the State charged Justise with two counts of child molesting as class A felonies, three counts of sexual misconduct with a minor as class B felonies, child molesting as a class C felony, and two counts of sexual misconduct with a minor as class

3

C felonies. Justise represented himself at the October 2008 trial. The State introduced into evidence recordings of telephone calls between Justise and D.B., which were recorded while Justise was incarcerated in the Marion County Jail. In one of the telephone calls, D.B. confronted Justise about touching her and placing his finger in her vagina. She told him that she was not lying and quoted his comment to her that his finger in her vagina would "tingle a little bit." Ex. 18 p. 7.

Also during trial, Justise wanted to question Jackson about a phone conversation she had with D.B. According to Justise, D.B. told her aunt that she fabricated the molestation because she wanted to hide the fact that she had sexual intercourse with a boy name Jason. Justise wanted to introduce into evidence D.B.'s prior sexual history, but the trial court refused to allow him to do so because this evidence violated Indiana Evidence Rule 412 and was therefore inadmissible. Justise denied molesting his daughter.

A jury convicted Justise of the two counts of child molesting as class A felonies and one count of child molesting as a class C felony. At the sentencing hearing, the trial court merged the two class A felony convictions for double jeopardy purposes and sentenced Justise to forty-five years for the class A felony, and six years for the class C felony, with the sentences to be served consecutively, for an aggregate term of fifty-one years. Justise received permission to file a belated appeal in September 2011. He now appeals his convictions but not his sentence.

DISCUSSION AND DECISION

At the outset, we note that Justise is proceeding pro se. Such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Whatley v. State, 937 N.E.2d 1238, 1240 (Ind. Ct. App. 2010). We now turn to the merits of the case.

## I. Exculpatory Evidence

Justise first argues that he was denied his due process rights when the State failed to disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). Specifically, Justise explains that when he was incarcerated, he received a telephone call from D.B. where she admitted that she made up the molestation allegation because she was jealous of his girlfriend. Justice contends that call and others should have been recorded. However, according to Justise, the "State pretended that the calls were not downloaded, [even though] the call log from the detective reflected that they were." Appellant's Br. p. 3.

In Brady, the United State Supreme Court held that the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the prosecution's good or bad faith. Id. at 87. To prevail on a claim that the prosecution failed to disclose exculpatory evidence, a defendant must establish that: 1) the prosecution suppressed evidence; 2) the evidence was favorable to the defense; and 3) the evidence was material to an issue at trial. Farris v. State, 732 N.E.2d 230, 233 (Ind. Ct. App. 2000).

5

Here, however, there was no evidence for the prosecution to suppress because the phone calls about which Justise complains were simply not recorded. Michael, the keeper of inmate phone records at the Marion County Jail, explained that the system failed to download approximately 90,000 phone calls due to a system wide failure. Although the logs indicated that the calls had been made, the recordings did not exist. It is axiomatic that if there is no evidence to suppress, there is no <u>Brady</u> violation. Accordingly, we find no error on this basis.

## II. Impeachment Evidence

Justise also argues that the trial court erred in excluding evidence of D.B.'s prior sexual history with a boy named Jason. The decision to exclude evidence is within the trial court's discretion. <u>Morrison v. State</u>, 824 N.E.2d 734, 739 (Ind. Ct. App. 2005). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. <u>Id.</u>

The admission of evidence relating to a victim's past sexual conduct is governed by Indiana Evidence Rule 412. This rule precludes the introduction of evidence of any prior sexual conduct of an alleged victim of a sex crime or a witness in a sex crime prosecution unless that evidence would establish evidence of prior sexual conduct with the defendant, would bring into question the identity of the defendant as the assailant, or would be admissible as a prior offense under Rule 609. Ind. Evid. Rule 412(a). A common-law exception exists for situations where the victim has admitted the falsity of a prior accusation of rape or where a prior accusation is demonstrably false. <u>Conrad v.</u>

6

<u>State</u>, 938 N.E.2d 852, 855 (Ind. Ct. App. 2010). D.B.'s alleged sexual history with a boy named Jason does not fall into one of the enumerated exceptions of Rule 412. Accordingly, the trial court did not err by excluding the challenged evidence under Rule 412.

### III. Sufficiency of the Evidence

Lastly, Justise argues that there is insufficient evidence to support his convictions. When reviewing a challenge to the sufficiency of the evidence, we will consider only the probative evidence and reasonable inferences supporting the conviction. <u>Perry v. State</u>, 962 N.E.2d 154, 157 (Ind. Ct. App. 2012). It is the role of the factfinder, rather than the appellate courts, to weigh the evidence and assess witness credibility. <u>Id.</u> Accordingly, when confronted with conflicting evidence, we will consider the evidence that is most favorable to the trial court's verdict. <u>Id.</u> Moreover, we will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. <u>Id.</u>

In order to convict Justise of class A felony child molesting, the State was required to prove that thirty-year-old Justise performed an act involving the sex organ of twelve-year-old D.B. and the hand and/or fingers of Justise. <u>See</u> Ind. Code § 35-42-4-3. Further, in order to convict Justise of class C felony child molesting, the State was required to prove that thirty-year-old Justise fondled or touched twelve-year-old D.B. with the intent to arouse or satisfy the sexual desires of either D.B. or himself. <u>See id.</u>

7

D.B. testified that Justise placed his lips on her breasts, removed her pants and rubbed his penis against her buttocks for two to three minutes, attempted to place his penis in her vagina, and placed his finger in her vagina. The uncorroborated testimony of a child victim is sufficient to support a conviction of child molesting. Wisneskey v. State, 736 N.E.2d 763, 764 (Ind. Ct. App. 2000).

Justise concedes that a single witness is generally sufficient to sustain a conviction and does not challenge the evidence supporting the elements of the offense. Rather, he argues that D.B. engaged in "mere story telling." Appellant's Br. p. 4. Specifically, Justise contends that D.B. was "jealous of other women . . . and in competition with a person she told . . . ." Appellant's Br. p. 4. However, this argument is nothing more than an invitation for us to reweigh the evidence, which we cannot do. See Perry, 962 N.E.2d at 154. Therefore, we affirm the decision of the trial court.

The judgment of the trial court is affirmed.

KIRSCH, J., and BROWN, J., concur.