**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ABELARDO PEREZ-ROMERO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1307-CR-290 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-0904-FA-19

**April 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Abelardo Perez-Romero appeals his convictions for two counts of Class A felony child molesting. He argues that the evidence is insufficient to establish that he performed deviate sexual conduct with his biological son ("Son") because Son testified that Perez-Romero touched Son's butt with his penis, but he did not specify where on Son's butt Perez-Romero touched him. Finding the evidence sufficient to sustain his convictions, we affirm.

**Facts and Procedural History**[1]

Angelica Garcia and Perez-Romero have two children together. Their daughter ("Daughter") was born in April 1998 and Son was born in March 2001. In June 2001, Garcia moved out of Perez-Romero's house. Perez-Romero was deported and returned to the United States in early 2006. After Perez-Romero returned, the children had weekend visitations with him. Usually, the children would leave their mother's house on Friday and return at noon on Sunday. At first, they were excited about spending time with their father. However, by 2008, the children had begun trying to avoid visiting him.

On a weekend in March 2009, the children went to Perez-Romero's house like they usually did. However, on Sunday, Perez-Romero did not bring the children home at the normal time. At around 2:00 p.m., Garcia became worried and began calling Perez-Romero. She called approximately five or six times, but he did not answer his phone.

---

[1] Perez-Romero was convicted of four counts of child molesting for both Son and his daughter. But because Perez-Romero only contests the sufficiency of the evidence for the convictions concerning Son, we consider the facts only as they relate to Son.

Finally, at 9:00 p.m. Garcia and her husband went to Perez-Romero's house to pick up the children.

When Garcia picked up the children, Perez-Romero was not home. His sister was with the children. Garcia noticed that Daughter looked scared. She also noticed that Daughter's leg was shaking. According to Garcia, Son looked serious like he wanted to say something. When they arrived home, Daughter ran into the bathroom, sat on top of the toilet lid, and began crying with her hands in her face. Daughter then told her mother that Perez-Romero had been molesting Daughter and Son since the 2006-2007 school year and did so during that weekend. Tr. p. 81, 90. Garcia immediately called the police and took the children to the hospital for examinations.

Detective Jose Miller began investigating the case. In April 2009 Perez-Romero waived his Miranda rights and agreed to speak with Detective Miller through a translator about the allegations. At first he denied molesting Daughter and Son. However, in the course of the conversation, he admitted sticking his finger inside Son's bottom twice. State's Ex. 8b, p. 32, 37. One of those times occurred approximately two months before the interview and the other occurred on the weekend in March 2009 when he failed to return the children promptly. *Id.* at 37.

The State charged Perez-Romero with four counts of Class A felony child molesting, two for Daughter and two for Son. Appellant's App. p. 43. He was charged as follows:

> 1. Class A felony child molesting, deviate sexual conduct (Son – December 2008)

3

2. Class A felony child molesting, deviate sexual conduct (Daughter – February 2008)

3. Class A felony child molesting, deviate sexual conduct (Daughter – March 28, 2009)

4. Class A felony child molesting, deviate sexual conduct (Son – March 28, 2009)

*Id.* at 37.[2]

A bench trial was held in March 2013. At trial Son, who was now eleven years old, testified about being molested by Perez-Romero. Son explained that one of the reasons he was not a good student before fifth grade was because his father did something to him that he did not like. Son testified that the rooms where he was molested included "the closet, the bathroom, and the bed." Tr. p. 118-19. According to Son, Perez-Romero started doing a "thing that [he] didn't like" when Son was in first grade. *Id.* at 119. For example, Son explained that one night in December 2008 Perez-Romero picked him up and put him where Perez-Romero was sleeping and began touching Son's body parts "where [he] go[es] to the restroom." *Id.* This occurred on the front side and the back side. Son stated that Perez-Romero also touched Son's butt with Perez-Romero's body part that "[g]oes to the restroom." *Id.* at 120. When Perez-Romero touched Son's butt, it hurt. *Id.* Son also stated that Perez-Romero used his hands to touch Son on "the front side where [he] go[es] to the restroom." *Id.*

Son also explained that he was again molested on a weekend in March 2009. According to Son, Perez-Romero touched Son's butt and front side where Son "go[es] to

---

[2] Perez-Romero was initially charged with six counts of Class A felony child molesting. Two counts—one for Daughter and one for Son—were dismissed. Appellant's App. p. 39.

4

the restroom" with Perez-Romero's hands and Perez-Romero's front side where he "[g]oes to the restroom." *Id.* at 122. Son's clothes were both on and off when this occurred. Son stated that Perez-Romero's touching hurt him. *Id.*

The trial court found Perez-Romero guilty as charged for the four counts of Class A felony child molesting. *Id.* at 146, 159. It sentenced him to forty-five years for each count. *Id.* at 172. The trial court determined that the sentences on Count 1 and Count 4 were to run concurrent to each other and that the sentences on Count 2 and Count 3 were to run concurrent to each other. *Id.* It also determined that the sentences on Count 1 and Count 4 were to run consecutive to Count 2 and Count 3. *Id.* Thus, Perez-Romero was sentenced to an aggregate term of ninety years.

Perez-Romero now appeals.

**Discussion and Decision**

Perez-Romero contends that the evidence is insufficient to prove that he performed deviate sexual conduct with eight-year-old Son, which is a Class A felony. Instead, he contends that the evidence supports only Class C felony child molesting. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We look solely to the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.* A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

5

Class B felony child molesting occurs when a person performs or submits to sexual intercourse or deviate sexual conduct with a child under fourteen years old. Ind. Code § 35-42-4-3(a). Class B felony child molesting is elevated to a Class A felony if it is committed by a person who is at least twenty-one years old. I.C. § 35-42-4-3(a)(1). To convict Perez-Romero of Class A felony child molesting, the State was required to prove that Perez-Romero, who was at least twenty-one years old, performed or submitted to deviate sexual conduct with Son, who was under fourteen years old.

Perez-Romero argues that the evidence was insufficient to establish that he performed deviate sexual conduct because Son testified to contact with his butt, but he did not specify further where on Son's butt Perez-Romero touched him. Our legislature has defined "deviate sexual conduct" as an act involving: (1) a sex organ of one person and the mouth or anus of another person or (2) the penetration of the sex organ or anus of a person by an object. Ind. Code § 35-31.5-2-94.

It is well settled that the State is not required to introduce evidence of the penetration of a child's anus with a defendant's penis to establish deviate sexual conduct. *Wisneskey v. State*, 736 N.E.2d 763, 764 (Ind. Ct. App. 2000). Instead, the State only needs to prove that there was contact with the anus to establish that an act "involved" the sex organ of one person and the anus of another. *Downey v. State*, 726 N.E.2d 794, 798 (Ind. Ct. App. 2000), *trans. denied*. In proving deviate sexual conduct, our Supreme Court has stated that "detailed anatomical description of penetration is unnecessary and undesirable." *Spurlock v. State*, 675 N.E.2d 312, 315 (Ind. 1996). The Court reasoned that many people are unable to precisely describe anatomical features and that such a requirement would subject victims

6

to unwarranted questioning and cross-examination. *Id.* Even though a child may be unfamiliar with anatomical terms and have a limited sexual vocabulary, a conviction for child molesting may rest solely upon the uncorroborated testimony of the child. *Wisneskey*, 736 N.E.2d at 765.

Here, Son testified that on both occasions Perez-Romero "touched his butt" on the part of Son's body that "[g]oes to the restroom" with Perez-Romero's body part that "[g]oes to the restroom." Tr. p. 122. We can infer from this testimony that Son was saying that Perez-Romero touched Son's butt with his penis. Son also explained that each time Perez-Romero touched Son's butt with his penis, it hurt. *Id.* at 120, 122. Moreover, while Son did not state where on his butt Perez-Romero touched him with his penis, we can infer that he made contact with Son's anus because the contact was painful to Son. *See Simmons v. State*, 746 N.E.2d 81, 87 (Ind. Ct. App. 2001) ("[T]he fact-finder may infer penetration from circumstantial evidence such as the physical condition of the victim soon after the incident.") (quotation omitted), *trans. denied*. The fact that Perez-Romero's contact with Son's butt caused Son pain is circumstantial evidence that Perez-Romero touched Son's anus with his penis.

We find this case distinguishable from *Downey*. In that case, this Court held that no act involving the anus occurred because all who testified stated only that Downey "rubbed his penis against or between [a child's] buttocks." *Downey*, 726 N.E.2d at 798. The *Downey* Court concluded that touching a butt is different from touching an anus. *Id.* Although Son did not describe where on his butt it hurt, merely touching Son's buttocks with a penis rather than making contact with the anus would not ordinarily cause pain. For

7

this reason, we conclude that Perez-Romero's penis made contact with Son's anus rather than just Son's butt.

Additionally, Perez-Romero admitted to Detective Miller that he stuck his finger inside Son's butt on two occasions—once about two months before the interview with Detective Miller and once in March 2009.[3] State's Ex. 8b, p. 37. We conclude that since Perez-Romero and Detective Miller used the word "inside" to describe Perez-Romero's contact with Son's butt, that it must have also included his anus. *See Wisneskey*, 736 N.E.2d at 765 ("Logically, T.L. could not have been strictly referring to his buttocks when testifying about his 'butt,' as asserted by Wisneskey, because the buttocks contain no orifice to stick a penis 'in.' Furthermore, T.L.'s testimony that it hurt when Wisneskey stuck his penis in his 'butt,' can reasonably lead to the inference that the pain was the result of the child being sodomized.") (footnote omitted).[4] Although Perez-Romero admitted to a different type of deviate sexual conduct than Son testified to (penetration of the anus by a finger rather than touching the anus with his penis), the trier of fact could use Perez-Romero's admission to corroborate Son's testimony.

Based on Son's testimony and Perez-Romero's statements to Detective Miller, there was sufficient evidence to convict Perez-Romero of Class A felony child molesting.

---

[3] A finger may be considered an object under Indiana Code section 35-31.5-2-94. *Simmons*, 746 N.E.2d at 86.

[4] The charging information states only that Perez-Romero performed deviate sexual conduct with Son; it does not specify how. Appellant's App. p. 37. Perez-Romero's admissions to Detective Miller are alone sufficient to establish that Perez-Romero performed deviate sexual conduct with Son. I.C. § 35-31.5-2-94(2).

Affirmed.

RILEY, J., and MAY, J., concur.