


FILED

Aug 23 2018, 1:45 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-CR-430

## Curtis Boggs,
*Appellant (Defendant below),*

—v—

## State of Indiana,
*Appellee (Plaintiff below).*

Decided: August 23, 2018

Appeal from the Dearborn Circuit Court, No. 15C01-1603-F1-007
The Honorable James D. Humphrey

On Petition to Transfer from the Indiana Court of Appeals
No. 15A01-1708-CR-1778

**Per Curiam Opinion**

All Justices concur.

## Per Curiam

Curtis Boggs was convicted of eight counts of sexual misconduct with a minor and four counts of child molestation. On appeal he raised multiple issues, including whether the State presented sufficient evidence to support his conviction for Level 1 felony child molestation.

A person commits child molestation by knowingly or intentionally performing sexual intercourse or other sexual misconduct with a child under fourteen years of age. Ind. Code § 35-42-4-3. The offense is a Level 1 felony if committed by a person at least twenty-one years of age. *Id.* "'Sexual intercourse' means an act that includes any penetration of the female sex organ by the male sex organ." I.C. § 35-31.5-2-302. "'Other sexual misconduct' includes "an act involving … the penetration of the sex organ or anus of a person by an object." I.C. § 35-31.5-2-221.5.

Boggs was found guilty of child molestation for engaging in other sexual misconduct. S.H. testified that Boggs put his finger "in the folds of her vagina" and touched her clitoris. (Tr. Vol. II p. 221.) Boggs appealed on grounds the evidence was insufficient to prove "penetration" for purposes of the statute defining other sexual misconduct. The Court of Appeals affirmed, concluding the evidence supports the Level 1 felony conviction. We agree with the Court of Appeals and grant transfer to provide guidance on the meaning of "penetration" for purposes of "other sexual misconduct."

Precedent makes clear that proof of the "slightest penetration" of the female sex organ, including penetration of the external genitalia, is sufficient to sustain a conviction for child molestation based on sexual intercourse. *Spurlock v. State*, 675 N.E.2d 312, 315 (Ind. 1996), *on reh'g* (1997); *Dinger v. State*, 540 N.E.2d 39, 40 (Ind. 1989). But Boggs argues that other sexual misconduct requires proof of "more intrusive acts," comparing the statute defining sexual intercourse as "any" penetration of the female sex organ to the statute defining other sexual misconduct as "the" penetration of the sex organ. *See* I.C. §§ 35-31.5-2-302; 35-31.5-2-221.5. Boggs contends this differing language indicates the legislature intended "penetration" to have different meanings for purposes of the two statutes.

We hold that proof of the slightest penetration of the sex organ, including penetration of the external genitalia, is sufficient to demonstrate a person performed other sexual misconduct with a child. The evidence here demonstrates that Boggs committed other sexual misconduct with S.H. Accordingly, we affirm his conviction for Level 1 felony child molestation. We summarily affirm the Court of Appeals decision in all other respects. *See* Ind. Appellate Rule 58(A)(2).

All Justices concur.

ATTORNEY FOR APPELLANT
Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana