## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 07 2020, 9:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Kunz
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert L. Morrison,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 7, 2020

Court of Appeals Case No.
20A-CR-102

Appeal from the
Marion Superior Court

The Honorable
Lisa Borges, Judge

Trial Court Cause No.
49G04-1810-FA-37521

**Vaidik, Judge.**

# Case Summary

[1] Robert L. Morrison challenges the sufficiency of the evidence and his thirty-year advisory sentence for Class A felony child molesting. We affirm.

# Facts and Procedural History

[2] April Hurley has two daughters, T.H. and K.H. In March 2009, April moved into her mother Radeena McKamey's house in Indianapolis. Morrison, who dated Radeena, also lived there. On the weekends, T.H., who was six or seven years old, and K.H., who was five or six years old, stayed with April at Radeena's house. Tr. Vol. II pp. 203, 223. In June 2009, April, T.H., and K.H. moved into their own house in Indianapolis. Because April worked two jobs, Radeena often babysat the girls at her house or April's house. Morrison sometimes went with Radeena to April's house. Radeena and Morrison broke up later that year.

[3] In 2016, April, T.H., and K.H. moved to Texas. In April 2018, K.H. disclosed to her mother that Morrison had inappropriately touched her when he lived with Radeena. After talking to T.H., April called the police and took T.H. and K.H. to a child-advocacy center in Texas to be interviewed.

[4] In October 2018, the State charged Morrison with Class A felony child molesting ("deviate sexual conduct") relating to T.H. and Class C felony child molesting (touching or fondling) relating to K.H. The State also alleged Morrison was a habitual offender.

A jury trial was held in December 2019. T.H. was seventeen years old, and K.H. was fifteen. K.H. testified Morrison touched her over and under her clothes. T.H. testified about a time when Morrison touched her "in between" her "labia." T.H. said she and K.H. were asleep in their bunk beds when she woke up to Morrison touching her:

> Q     And were you asleep when you remember something happening?
>
> A     Yeah, I remember falling asleep; but waking up.
>
> Q     Okay. So what do you remember waking up to?
>
> A     Him touching me.
>
> Q     And when you say him touching you, who is him?
>
> A     Robert.
>
> Q     And what do you remember feeling when you woke up? I know you said him touching you. But what part of your body was he touching?
>
> A     My vagina.
>
> Q     And do you remember what he was touching your body with?
>
> A     His hands.

Q      Was that over the clothes or under the clothes?

A      Under the clothes.

* * * * *

Q      Okay. And when his hand was on your vagina, what specifically did his hand do?

A      It like touched inside my pants.

Q      It touched inside your pants?

A      Yes.

Q      Where inside your pants did it touch?

A      Like between like the two flaps.

Q      You said the two flaps?

A      Yes.

Q      Okay. Do you know is there another name for that?

A      Labia, I think?

Q      You said labia?

A      Yes.

Q     And so then is there anything else that was touched?

A     No; no, ma'am.

Q     Was he outside what you referred to as labia . . ., in between the two labia?

A     In between.

Q     All right. And did he go any further than that that you recall?

A     No, ma'am.

*Id.* at 226-28. T.H. said she heard K.H. moving around in her bunk, so she let Morrison continue touching her so he would not touch her younger sister. *Id.* at 228.

[6]    The jury found Morrison guilty of both child-molesting counts and also found him to be a habitual offender. At the sentencing hearing, April described how her daughters had experienced "[d]aily struggles of anxiety and questioning their self-worth" and how T.H. had experienced gender-identity issues due to the molestation. Tr. Vol. III p. 117. In addition, the State presented evidence of Morrison's criminal history. As a juvenile, Morrison was adjudicated a delinquent for burglary and theft. Morrison's adult criminal history includes one misdemeanor conviction for prostitution in 1988 and three felony convictions: Class B felony burglary in 1985 and Class B felony burglary and Class D felony theft in 1989. While Morrison was in prison for his 1989

convictions, he had twenty-nine "prison conduct incidents." Appellant's App. Vol. II p. 167. In addition, Morrison has violated his probation and had his probation revoked.

[7] The trial court identified no mitigators and five aggravators: (1) the harm suffered by T.H. and K.H. was significant and greater than the elements necessary to prove the offenses because they "have continued to reexperience the events of their molestation . . . as they have grown up"; (2) T.H. and K.H. were present when each other was molested; (3) T.H. "has experienced long-term sexual identity issues" due to the molestation; (4) Morrison was in a position of trust with T.H. and K.H.; and (5) Morrison had "29 prison conduct incidents between 1992 and 1995." Tr. Vol. III pp. 133, 134. The court acknowledged Morrison had a criminal history but noted it was "aged" and he had "lived essentially a law-[a]biding life for a good number of years." *Id.* at 134. The court sentenced Morrison to the advisory term of thirty years for Class A felony child molesting, enhanced by thirty years for being a habitual offender, and four years for Class C felony child molesting.[1] The court ordered the sentences to be served consecutively, for a total sentence of sixty-four years.

[8] Morrison now appeals.[2]

---

[1] At the time of the offenses, the habitual-offender statute required a thirty-year enhancement. *See* Ind. Code § 35-50-2-8(h) (2009).

[2] In his opening brief, Morrison argued his Class C felony child-molesting conviction should be reversed because prosecution was barred by the statute of limitations. However, in his reply brief, Morrison concedes the State correctly argued there was no statute-of-limitations violation. Appellant's Reply Br. p. 4.

# Discussion and Decision

## I. Sufficiency of the Evidence

[9] Morrison challenges the sufficiency of the evidence for his Class A felony child-molesting conviction.[3] When reviewing sufficiency-of-the-evidence claims, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We will only consider the evidence supporting the verdict and any reasonable inferences that can be drawn from the evidence. *Id.* A conviction will be affirmed if there is substantial evidence of probative value to support each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[10] To obtain a conviction for Class A felony child molesting as charged here, the State had to prove that Morrison, who was at least twenty-one years old, knowingly or intentionally performed "deviate sexual conduct" with T.H., who was less than fourteen. Ind. Code § 35-42-4-3(a) (2009); Appellant's App. Vol. II p. 27. Although the legislature has since replaced the term "deviate sexual conduct" with "other sexual conduct" in the child-molesting statute, the definitions are identical: "the penetration of the sex organ or anus of a person by an object." Ind. Code §§ 35-41-1-9 (2009), 35-31.5-2-221.5.

---

[3] Morrison does not challenge the sufficiency of the evidence for his Class C felony child-molesting conviction.

[11] Morrison argues the evidence is insufficient to support his conviction because "merely touching the exterior genitalia is not 'penetration' for purposes of child molesting." Appellant's Br. p. 9. In *Boggs v. State*, the defendant was found guilty of Level 1 felony child molesting for engaging in "other sexual conduct." 104 N.E.3d 1287, 1288 (Ind. 2018). The victim testified the defendant put his finger "in the folds of her vagina" and touched her clitoris. *Id.* The defendant appealed, arguing the evidence was insufficient to prove "penetration" for purposes of the statute defining "other sexual conduct." Our Supreme Court held "proof of the slightest penetration of the sex organ, including penetration of the external genitalia, is sufficient to demonstrate a person performed" "other sexual conduct" with a child. *Id.* at 1289. Finding the defendant performed "other sexual conduct" with the victim, the Court affirmed his conviction for Level 1 felony child molesting.

[12] This case is similar to *Boggs*. T.H. testified Morrison put his hand "in between" her "labia." Contrary to Morrison's claim, he didn't merely touch T.H.'s external genitalia; rather, he put his hand "in between" her external genitalia. Under *Boggs*, this is penetration.[4] We therefore affirm Morrison's conviction for Class A felony child molesting.

---

[4] Morrison claims this case is similar to *Spurlock v. State*, 675 N.E.2d 312 (Ind. 1996). It is not. In *Spurlock*, the defendant argued the evidence was insufficient to prove penetration for purposes of sexual intercourse. Our Supreme Court agreed, pointing out the victim testified the defendant "tried" to have sexual intercourse with her but she didn't know whether he put his penis inside her. *Id.* at 315. Here, T.H. knew exactly what happened to her: Morrison put his hand "in between" her "labia."

# II. Inappropriate Sentence

[13] Morrison next contends his thirty-year sentence for Class A felony child molesting is inappropriate and asks us to revise it under Indiana Appellate Rule 7(B) to twenty years, resulting in a total sentence of fifty-four years instead of sixty-four years.[5] Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants must persuade us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[14] A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4(a). Here, the trial court sentenced Morrison to the advisory term of thirty years.

---

[5] Morrison doesn't challenge his habitual-offender enhancement or his sentence for Class C felony child molesting.

There is nothing about the nature of the offense that requires a revision of Morrison's advisory sentence. Morrison, who was dating T.H.'s grandmother, molested T.H. while her younger sister was in the other bunk. According to April, T.H. has experienced "[d]aily struggles of anxiety and questioning [her] self-worth" and gender-identity issues due to the molestation.

As for his character, Morrison notes he has led a law-abiding life since he was released from prison in 1998 and maintained consistent employment. Although Morrison's criminal history is "aged," as the trial court found, neither that nor the fact he has been employed warrants a reduction from the advisory sentence. We therefore affirm his sentence.

Affirmed.

Bailey, J., and Weissmann, J., concur.