**MEMORANDUM DECISION**

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision is not binding precedent for any court and may be cited only for persuasive value or to establish res judicata, collateral estoppel, or law of the case.




FILED

Aug 09 2024, 9:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

**M.A.,**

*Appellant-Respondent*

v.

**State of Indiana,**

*Appellee-Petitioner*

---

August 9, 2024

Court of Appeals Case No.
24A-JV-623

Appeal from the Marion Superior Court

The Honorable Peter P. Haughan, Magistrate

Trial Court Cause No.
49D15-2307-JD-005971

---

**Memorandum Decision by Judge Felix**
Judges Riley and Kenworthy concur.

**Felix, Judge.**

## Statement of the Case

M.A. placed his 10-year-old cousin on his bed, pulled his and her pants down, and molested her. The trial court found M.A. to be delinquent for having committed what would be child molesting if committed by an adult. In this appeal, M.A. contends the State presented insufficient evidence to support his juvenile adjudication.

We affirm.

## Facts and Procedural History

In 2022, then 16-year-old M.A. was living in Indianapolis, Indiana, with his parents; his siblings; one of his cousins; and that cousin's family, including the cousin's 10-year-old daughter K.C. One day in December 2022, M.A. and K.C., along with their respective siblings, were home while the adults were out. M.A. asked K.C., who was in the living room, to come to his bedroom. Once K.C. was in his room, M.A. asked her to share a phone app with her friends so that M.A. could increase his chances of winning a pair of wireless headphones through a promotional advertisement. K.C. did so and then started to leave M.A.'s room.

Before K.C. left the room, M.A. asked her for another favor. As soon as K.C. agreed, M.A. closed his bedroom door, laid K.C. face down on his bed, pulled his and K.C.'s pants down, and put his penis between K.C.'s "back private

thing." Tr. Vol. II at 24. K.C. felt pain and told M.A. to stop, which he did. M.A. instructed K.C. not to tell anyone what happened. K.C. did not disclose M.A.'s actions until after she and her family moved out of M.A.'s family's home.

[5] In July 2023, the State filed a delinquency petition alleging M.A. had committed child molesting as a Level 3 felony[1] if committed by an adult. At the evidentiary hearing on this petition, K.C. testified that M.A. "put . . . his front private on my back private thing," Tr. Vol. II at 24, and that M.A.'s "front part" went "[i]n between the lines" of her "back part," *id.* at 41. K.C. testified that "it hurt" when he did this, *id.* at 26.

[6] K.C. was unable to better explain "back part" or "back private thing": K.C. testified, "I don't know how to describe it." Tr. Vol. II at 27. When presented with an illustration of an unclothed girl, K.C. circled the entire buttocks area of the image and identified that area as "back part on this body." *Id.* at 27; Ex. Vol. I at 4. K.C. described M.A.'s "front private" as a penis. Tr. Vol. II at 27–28; Ex. Vol. I at 6. On recross examination, the following exchange occurred:

> [Defense Counsel]: You said your back private part is- part of that is the part that sticks out what we call your butt. What do you call that part that sticks out that you sit on? What do you call that?

---

[1] Ind. Code § 35-42-4-3(a).

[K.C.]: Mm, we don't have a name to call that.

[Defense Counsel]: Ok. But the soft part that sticks out of the back end of your body, that's what you sit on, is that part of the back, what you call the back private, that's what you told me, is that the back private also?

[K.C.]: Yes.

Tr. Vol. II at 42.

When the State asked K.C. if M.A.'s penis "went inside your body, touched your body, or something else," K.C. responded, "Touch my body." Tr. Vol. II at 26. In describing the event, K.C. said, "When he put it, it hurts. So like, I, I, I actually didn't know what to do. Um So um um after a little bit that I didn't know what to do, um I, I stopped, I said stop and put on my pants." *Id.* at 28. K.C. further testified that after she told M.A. to stop, he told her "not to tell anybody because he was gonna go to jail and at jail they do the same thing he was, he was doing to me." *Id.* at 29.

The juvenile court ultimately determined M.A. had committed child molesting as a Level 3 felony if committed by an adult, adjudicated M.A. a delinquent, and placed M.A. on probation until further review. This appeal ensued.

## Discussion and Decision

M.A. challenges the sufficiency of the evidence supporting his juvenile adjudication.

When reviewing sufficiency claims in the special context of a juvenile adjudication, such as here, "we do not reweigh the evidence or judge witness credibility," but appraise "only the evidence favorable to the judgment and the reasonable inferences supporting it." *B.T.E. v. State*, 108 N.E.3d 322, 326 (Ind. 2018) (citing *K.S. v. State*, 849 N.E.2d 538, 543 (Ind. 2006)). We will affirm a juvenile adjudication "if a reasonable trier of fact could conclude that the [respondent] was guilty beyond a reasonable doubt." *Id.* (citing *Moran v. State*, 622 N.E.2d 157, 159 (Ind. 1993)).

*A.W. v. State*, 229 N.E.3d 1060, 1064 (Ind. 2024).

[10] To support a juvenile adjudication for child molesting as a Level 3 felony under Indiana Code section 35-42-4-3(a), the State had to prove beyond a reasonable doubt that M.A., with K.C. who was less than 14 years old, knowingly or intentionally performed or submitted to sexual intercourse or other sexual conduct. M.A. argues only that the evidence was insufficient to establish that "other sexual conduct" occurred.[2] "Other sexual misconduct," as used in Indiana Code section 35-42-4-3(a), "means an act involving . . . a sex organ of one (1) person and the mouth or anus of another person; or . . . the penetration of the sex organ or anus of a person by an object." I.C. § 35-31.5-2-221.5.

[11] "[P]roof of the slightest penetration of the sex organ, including penetration of the external genitalia, is sufficient to demonstrate a person performed other sexual misconduct with a child." *Boggs v. State*, 104 N.E.3d 1287, 1289 (Ind.

---

[2] The State did not allege or attempt to prove at trial that "sexual intercourse" occurred.

2018). Although proof of anal penetration may not be required to support a child molesting conviction, *Downey v. State*, 726 N.E.2d 794, 798 (Ind. Ct. App. 2000) (citing *Crabtree v. State*, 547 N.E.2d 286, 291 (Ind. Ct. App. 1989)), *trans. denied*, "for an act to 'involve' the anus, there must be contact with the anus," *id.* (citing *Knowlton v. State*, 178 Ind.App. 420, 427 n.4, 382 N.E.2d 1004, 1009 n.4 (1978)). "[A] detailed anatomical description of penetration is unnecessary . . . ." *Spurlock v. State*, 675 N.E.2d 312, 315 (Ind. 1996), *on reh'g* (May 2, 1997).

[12] In *Downey v. State*, this court held that the victim's testimony that Downey had rubbed his penis up and down between her "butt cheeks," 726 N.E.2d at 797, was "insufficient to permit a jury to infer beyond a reasonable doubt that Downey engaged in an act involving his penis and [the victim]'s anus," *id.* at 798. The victim in *Downey* did not testify that Downey's acts caused her pain. *See id.* at 797–98.

[13] By contrast, in *Wisneskey v. State*, the victim "testified that Wisneskey stuck his 'private in [T.L.]'s butt'" and "explained that Wisneskey's 'private' is '[t]he thing he pees out of.'" 736 N.E.2d 763, 765 (Ind. Ct. App. 2000) (alterations in original). The victim further "testified that this act hurt him and lasted three to five minutes." *Id.* This court concluded in relevant part that "T.L.'s testimony that it hurt when Wisneskey stuck his penis in his 'butt,' can reasonably lead to the inference that the pain was the result of the child being sodomized." *Id.*

[14] Unlike the victim in *Downey* and like the victim in *Wisneskey*, K.C. testified that M.H. caused her pain when he put his penis between her "back private." Also

like the victim in *Wisneskey*, K.C. testified she told M.A. to stop "after a little bit," indicating that some time passed before M.A. removed his penis from K.C.'s "back private." Also, M.A. told K.C. that if he went to prison other inmates would do to him what he was doing to M.A. The juvenile court could have reasonably inferred from this evidence that M.A. at least slightly penetrated K.C.'s anus or otherwise engaged in an act involving his penis and K.C.'s anus. *See Wisneskey*, 736 N.E.2d at 765; *Hale v. State*, 128 N.E.3d 456, 460–63 (Ind. Ct. App. 2019). In light of the foregoing, we cannot say the State failed to present sufficient evidence to support M.A.'s juvenile adjudication, and we affirm that adjudication.

[15] Affirmed.

Riley, J., and Kenworthy, J., concur.

ATTORNEYS FOR APPELLANT

Talisha R. Griffin
Indianapolis, Indiana

Peter Laramore
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana