Frank McGUIRE, Jr., Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 43A04–9207–CR–228.

Court of Appeals of Indiana, Fourth District.

June 30, 1993.

Frank McGuire, Jr., pro se.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

CONOVER, Judge.

Defendant–Appellant Frank McGuire, Jr. (McGuire) appeals the Kosciusko Circuit Court's overruling of his motion to withdraw his plea of guilty to forgery.

Appeal dismissed.

McGuire first attempts to raise several constitutional issues involving

    (a) his extradition from Kentucky, and

    (b) the proceedings before the Indiana court.

Because these issues are waived, as we explain below, we cannot consider them. Also, McGuire advances as an issue

    (c) the validity of the trial court's refusal to permit him to withdraw his guilty plea.

While a special statute authorizes us to consider such matters on appeal, the record presented here is insufficient.

McGuire was charged with forgery and theft in 1987. Pursuant to a plea agreement, he pleaded guilty to the forgery count. The theft charge was dismissed. However, McGuire then fled the state without having been sentenced.

He was found in Kentucky in 1991, waived extradition, and was returned to Indiana. The trial court sentenced him on the forgery charge to six years imprisonment on September 3, 1991. He then filed a pro se praecipe for record 114 days later on December 26, 1991, 84 days late for the triggering of a direct appeal. *See* Ind.Appellate Rule 2(A).

After sentencing, however, McGuire filed a pleading asking the trial court for permission to withdraw his prior guilty plea. The trial court denied that request but suggested to counsel if McGuire was seeking post-conviction relief, he should file "appropriate documentation...." (R. 1). *See* Ind. Post–Conviction Rule 1(1) *et seq.* Instead, McGuire, pro se, filed something he called a "Motion to Strike the Court's Response to the Motion for Leave To Withdraw Plea." The trial court denied the motion for leave to withdraw on June 8, 1992. (R. 1). McGuire never filed a petition for post-conviction relief which would have preserved for review the constitutional issues he attempts to raise here.

McGuire states his appellate purpose as follows:

Mr. McGuire now appeals the Trial Courts [sic] denial of the Motion For Leave To Withdraw Plea.

(Brief of Appellant at 12).

Because no post-conviction petition was filed, the only issues we can consider are those related to that motion. *See* IND. CODE 35–35–1–4(c) and (e). That being so, all issues not related to the guilty plea are waived.

In the motion to withdraw guilty plea he filed below, McGuire claimed

    (a) he was denied effective assistance of counsel because his counsel failed to raise

    1.  a speedy trial issue;

    2.  a delay in trial issue; and

    3.  a faulty extradition issue

with the trial court. (R. 4). However, we cannot consider ineffective assistance of counsel in this appeal on those grounds. None of the three concern counsel's acts or inaction regarding the entry of McGuire's guilty plea. This appeal is limited to that plea and its surrounding circumstances only under IC 35–35–1–4, as mentioned above. Thus, ineffective assistance of counsel as an issue here is also waived.

The only other pertinent issue McGuire attempts to raise is his allegation his guilty plea was coerced by the prosecutor's threat to make his children wards of the state if he did not plead guilty. However, that issue is also waived. McGuire has not presented us with a record which preserves that issue for review.

It is the appellant's burden to present the reviewing court with a record complete enough to sustain his argument. *House v. State* (1989), Ind., 535 N.E.2d 103, *reh. denied.* While it is true no hearing on McGuire's motion to withdraw was held, that does not diminish his burden on appeal. For appellate purposes, he could have attached an affidavit under oath[1] to his motion to withdraw plea specifically setting forth the circumstances showing his guilty plea was coerced, as is the case where a motion to correct error is based upon evidence outside the record. *See* Ind.Trial Rule 59(H). McGuire merely verified the general allegations contained in his motion. General allegations, even under oath, do not satisfy the appellant's burden on appeal. Because he did not attach such an affidavit, the record here does not sustain McGuire's coercion argument. Thus, this issue is also waived. No other issues are presented by this appeal which we can consider.

Appeal dismissed.

MILLER and GARRARD, JJ., concur.

1. Affidavits are required in such cases because they are the same as testimony under oath. Mere allegations and arguments on appeal are not enough to discharge the appellant's obligation to present a sufficient record. We can attach verity only to statements of fact made under oath.

The reason is simple. One who falsely swears that matters set forth in an affidavit are true is subject to prosecution for perjury. IC 35–44–2–

1. For that reason, verity for our purposes attaches to material under oath. An affidavit signed by McGuire attached as an exhibit to McGuire's motion to withdraw plea of guilty factually describing the events he claims constituted coercion would have preserved that issue for review here. No such affidavit appears in this record. His verification of the motion's general allegations does not suffice to discharge his burden on appeal.