## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2017, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sean A. Landrum,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 28, 2017<br>Court of Appeals Case No.<br>34A04-1705-CR-1132<br>Appeal from the Howard Superior Court<br>The Honorable William C. Menges, Jr., Judge<br>Trial Court Cause No.<br>34D01-0706-FA-457 |

**Najam, Judge.**

# Statement of the Case

Sean A. Landrum appeals the trial court's sentencing order on a petition to revoke his suspended sentence. Landrum raises one issue for our review, which we restate as the following two issues:

1. Whether the trial court abused its discretion when it sentenced Landrum to a sentence that included supervised probation instead of unsupervised probation.

2. Whether the trial court abused its discretion when it declined to apply credit time to Landrum's sentence.

We affirm.

# Facts and Procedural History

On June 26, 2007, the State charged Landrum with four counts of dealing in cocaine, as Class A felonies (Counts I, III, IV, and V) and also alleged that he was a habitual offender (Count II) in cause number 34D01-076-FA-457 ("FA-457"). On February 17, 2009, the parties filed a recommendation of plea bargain, and, on March 18, the parties filed an amended recommendation of plea agreement. During the hearing, Landrum pleaded guilty to Count V, dealing in cocaine, as a Class A felony. The trial court accepted Landrum's plea and entered judgment of conviction accordingly. Pursuant to the plea agreement, the trial court sentenced Landrum to twenty-five years with the Indiana Department of Correction, with twenty years executed and five years suspended to unsupervised probation.

[4] On November 30, 2010, Landrum filed a petition for post-conviction relief. On May 16, 2012, the post-conviction court granted Landrum's petition for post-conviction relief and held a hearing. After the hearing, the court found Landrum guilty of Count V, dealing in cocaine, as a Class B felony, and entered judgment of conviction accordingly. The court then sentenced Landrum to twenty years in the Indiana Department of Correction, with fifteen years executed and five years suspended to supervised probation. As a specific condition of probation, Landrum was required to attend and complete the Howard County drug re-entry program.

[5] On October 6, 2014, the Indiana Department of Correction filed a notice of eligibility into the community transition program. On November 6, the trial court approved Landrum's participation in the program and Landrum was placed on probation. On June 3, 2015, Landrum signed the re-entry program participation agreement in which he agreed to participate in the program and to abide by all rules and conditions of the program. Landrum further agreed "to waive his right to earn credit time for any time spent in jail or otherwise confined to which he would otherwise be entitle[d] pursuant to Indiana law during participation in the Reentry Program." Appellant's App. Vol. IV at 36.

[6] On June 10, 2015, the State filed a notice of violation, and Landrum appeared in person before the trial court. The court found that he had violated the terms of the re-entry program, found him to be in indirect contempt of court, and ordered that he be taken into custody. On August 12, the court held a hearing on the notice of violation. Landrum appeared in person, and the trial court

reiterated the same conclusions and again ordered that he be taken into custody. On August 19, Landrum failed to appear before the court as ordered, and the court issued a warrant for his arrest. On August 23, 2016, Landrum was arrested under cause number FA-457. On the same day, he was also arrested under cause number 34D01-1508-F4-777 ("F4-777) and charged with possession of a narcotic, as a Level 6 felony.

[7] On August 31, 2016, the Howard County re-entry court case manager filed a notice that the program planned to terminate Landrum's participation because he had absconded. Landrum denied the allegations in the notice of termination and entered a plea of false. At a hearing on September 28, Landrum withdrew that plea of false and entered a plea of true. The trial court then found that Landrum had violated the terms of the re-entry court program and terminated his participation. On October 3, the State filed a petition to revoke his suspended sentence, and, on October 12, Landrum entered plea of false to the allegations contained in the petition to revoke his suspended sentence.

[8] On March 16, 2017, the parties filed a recommendation of plea agreement. In the recommended plea agreement, Landrum agreed to plead guilty in cause number F4-777 and to enter a plea of true to the allegations contained in the petition to revoke suspended sentence in cause number FA-457. The agreement further recommended as follows:

> [F4-777]: Defendant shall be sentenced to the Indiana
> Department of Correction for a period of one (1) year, all of
> which shall be executed. Overlapping credit time, up to one (1)

year, shall be first applied to this cause to satisfy the executed sentence with any excess applied to cause number [FA-457]. The sentence imposed in this cause shall be served concurrently [sic] with any sentence imposed in the Defendant's Illinois case and consecutively [sic] to the sentence in [cause number FA-457].

\* \* \*

[FA-457]: Sentencing shall be left to the Court after the parties have the opportunity to present evidence and argument.

Appellant's App. Vol. IV at 57.

[9] At a hearing on April 27, pursuant to the plea agreement, Landrum withdrew his plea of false and entered a plea of true to the allegations contained in the petition to revoke suspended sentence in cause number FA-457, and he pleaded guilty in cause number F4-777. The trial court found him guilty in cause number F4-777 and entered judgment of conviction accordingly. During the hearing, the trial court stated that Landrum would serve his sentence for cause number F4-777 "concurrently [sic] with the sentence being served in Illinois that was committed for a weapons charge apparently while he was a fugitive in connection with these two cases . . . ." Tr. at 8.

[10] The following conversation then occurred between the trial court and Landrum's counsel to determine the amount of credit time from cause number F4-777, if any, that would be applied to Landrum's sentence in cause number FA-457:

THE COURT: Ok. Now let's just make sure I'm understanding this. As I read it, it says he's entitled to credit from the time he arrives in Indiana.

[Landrum's counsel]: Yes, sir.

THE COURT: Which was August 23, 2016?

[Landrum's counsel]: (Inaudible) there should be a carry over to the [petition to revoke] case.

THE COURT: Well, there would be a little bit, yes.

[Landrum's counsel]: It has to be consecutive[] so there shouldn't be any carry over because he's still (inaudible) the Illinois stuff through—

THE COURT: Hang on a minute. Let me figure this. August 23rd through today is 247 actual days, 494 days credit, so there's 129 extra days there that would apply to the Petition to Revoke.

[Landrum's counsel]: No.

THE COURT: No, it wouldn't because he's running into consecutive.

[Landrum's counsel]: Correct.

THE COURT: So the bottom line is that 129 is just gone,—

[Landrum's counsel]: Yes.

> THE COURT: —days is gone other than he's getting credit for it in [Illinois[1]].
>
> [Landrum's counsel]: Correct.

*Id.* at 9-10.

[11] The court found that Landrum had violated the terms of his probation and entered judgment accordingly. The trial court sentenced Landrum to one year with the Indiana Department of Correction in cause number F4-777, which the court found had been satisfied. For cause number FA-457, the trial court issued a sentencing order on the petition to revoke the suspended sentence. In that order, the trial court ordered Landrum to serve the balance of his previously suspended sentence, which the court determined to be 1,825 days, as an executed term in the Department of Correction. The trial court also ordered that Landrum "shall receive no jail time credit while awaiting disposition in this matter." Appellant's App. Vol. IV at 59. This appeal ensued.

## Discussion and Decision

[12] Landrum contends that the trial court abused its discretion when it sentenced him. Specifically, Landrum asserts that the trial court abused its discretion when it subjected him to supervised probation with a condition that he complete a drug re-entry program instead of unsupervised probation. Landrum

---

[1] The trial court references a sentence in Michigan, but it is clear from the record that the trial court is referring to a sentence Landrum served in Illinois.

further argues that the trial court failed to apply credit time to his sentence after it revoked his probation. We address each argument in turn.

### Issue One: Supervised Probation

[13] Landrum first claims that the trial court abused its discretion when it subjected him to supervised probation with a condition that he participate in the Howard County drug re-entry program. Landrum was first sentenced in 2009, pursuant to a plea agreement, to twenty-five years with the Department of Correction, with twenty years executed and five years suspended to unsupervised probation. On May 16, 2012, the post-conviction court granted Landrum's petition for post-conviction relief and set aside the original judgment. Instead, the post-conviction court found Landrum guilty of dealing in cocaine, as a Class B felony, and sentenced him to twenty years, with fifteen years executed and five years suspended to supervised probation. As a specific condition of probation, the court ordered Landrum to attend and successfully complete the Howard County drug re-entry program. Landrum now asserts that the court erred when it entered that sentencing order because the amended plea agreement filed on March 18, 2009, and the original sentencing order issued on May 25, 2009, called for unsupervised probation.

[14] Pursuant to Indiana Appellate Rule 9, "[a] party initiates an appeal by conventionally filing a Notice of Appeal with the Clerk . . . within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." Further, Indiana Appellate Rule 9(A)(5) provides that the right to appeal is "forfeited" unless an appeal is initiated within thirty days of final

judgment, or a criminal appellant obtains permission to file a belated appeal under Post–Conviction Rule 2. A sentencing order is a final judgment from which a defendant only has thirty days to appeal. *See e.g. Dillman v. State*, 16 N.E.3d 445, 447 (Ind. Ct. App. 2014).

[15] Here, the trial court issued its order sentencing Landrum to twenty years with the Indiana Department of Correction, with five years suspended to supervised probation on May 16, 2012. On May 24, 2017, Landrum filed his Notice of Appeal challenging, among other things, the trial court's order sentencing him to supervised probation. Landrum waited five years after the trial court issued the May 16, 2012, sentencing order before he disputed it. Further, there is nothing in the record to indicate that Landrum obtained permission to file a belated appeal under Post-Conviction Rule 2.

[16] Because Landrum failed to file his notice of appeal within thirty days after the trial court's May 16, 2012, order was noted in the Chronological Case Summary, Landrum has forfeited his right to appeal that sentencing order.

### Issue Two: Credit Time

[17] Landrum also asserts that the trial court erred when it failed to apply seventy-four days of credit time to his sentence in cause number FA-457 and when it failed to apply excess credit time from cause number F4-777 to his sentence in cause number FA-457.

*Credit for Seventy-Four Days*

[18] Landrum contends that the trial court erred when it failed to credit him with seventy-four jail days between his June 10, 2015, arrest in cause number FA-457 and his August 23, 2016,[2] arrest in cause number F4-777. We do not reach the merits of Landrum's claim. We find, instead, that Landrum has waived this issue by his failure to present a record showing any abuse of discretion by the trial court. "It is the appellant's burden to present the reviewing court with a record complete enough to sustain his argument." *McGuire v. State*, 617 N.E.2d 548, 550 (Ind. Ct. App. 1993). "Where he fails to do so, the issue is deemed waived." *Thompson v. State*, 761 N.E.2d 467, 471 (Ind. Ct. App. 2002) (quoting *Jackson v. State*, 496 N.E.2d 32, 33 (Ind. 1986)). In particular, this court has previously held that "a defendant may waive a claim of entitlement to credit time served by failing to present us with sufficient information to determine the issue." *Brattain v. State*, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002).

[19] On June 10, Landrum appeared in person before the trial court. The court found that he had violated the terms of the re-entry program, found him to be in indirect contempt of court, and ordered that he be taken into custody. On August 12, Landrum appeared in person before the trial court and the trial court again ordered that he be taken into custody. On August 19, Landrum failed to

---

[2] In his brief, Landrum cites August 23, 2015, as his arrest date for cause number F4-777 and calculates the time owed to him between June 10, 2015, and August 23, 2015, as seventy-four days. The Chronological Case Summary for cause F4-777 was not included in the record before the court, but the record indicates that Landrum was arrested for that cause on August 23, 2016.

appear before the trial court and the trial court issued a warrant for his arrest. On August 23, 2016, Landrum was arrested on both cause number FA-457 and cause number F4-777.

[20] In his brief, Landrum states that "[b]etween June 10, 2015, and his August 23, 2015[,] [sic] arrest on the companion case, there are 74 jail days that apply to this case only. It is error to deny him (at least) these 74 jail days." Appellant's Br. at 14. The trial court ordered that Landrum be taken into custody on June 10, 2015. The trial court then again ordered that he be taken into custody on August 12. However, Landrum does not present any documentation of the actual time he served with the Department of Correction between those dates. As such, we have no indication in the record of his actual time served, if any.

[21] Further, it is clear from the record that Landrum was not in custody between August 19, 2015, when a warrant was issued for his arrest, and August 23, 2016, when he was arrested. During the April 27, 2017, hearing, the trial court stated that Landrum, while in Illinois, was serving a sentence in connection with a charge committed "apparently *while he was a fugitive in connection with these two cases* . . . ." Tr. at 8 (emphasis added). Landrum was clearly not in the custody of the Department of Correction while he was a fugitive between August 19, 2015, when he failed to appear before the trial court, and August 23, 2016, when he was returned to Indiana and arrested.

[22] Because Landrum failed to present us with sufficient information to determine the actual time, if any, that he was in the custody of the Department of

Correction between June 10, 2015, and August 23, 2016, Landrum has waived this issue. *See e.g. Brattain*, 777 N.E.2d at 776.

*Excess Credit Time*

[23] Landrum further contends that the trial court should have applied the excess credit time he earned while he waited to be sentenced in cause number F4-777 to his sentence in cause number FA-457. Landrum was arrested in cause number F4-777 on August 23, 2016, and he was sentenced on April 23, 2017. This amounts to 247 actual days that Landrum spent with the Department of Correction, which equates to 494 credit days. Landrum was sentenced to one year, or 365 days, under cause F4-777, so he earned an excess of 129 days. Landrum argues that, pursuant to his May 16, 2017, plea agreement, those 129 days should have been applied to Landrum's sentence in cause number FA-457.

[24] We cannot agree. At the sentencing hearing on April 27, the trial court expressly asked Landrum's counsel how to apply the 129 days. Landrum's counsel then informed the court that Landrum was not entitled to that credit time in light of the Illinois offenses. The court relied on that representation when it sentenced Landrum. Thus, we agree with the State that Landrum has invited any error in the court's assessment of those 129 days. The invited error doctrine forbids a party from taking advantage of an error that he "commits, invites, or which is the natural consequence of [his] own neglect or misconduct." *Brewington v. State*, 7 N.E.3d 946, 975 (Ind. 2014) (quoting *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005)).

[25] Landrum's counsel agreed that the excess credit time from cause number F4-777 was gone and would not be applied to the petition to revoke the suspended sentence in cause number FA-457. As such, any error that may exist in the trial court's failure to apply the excess days was invited error, which Landrum may not take advantage of on appeal. *See e.g. Wright*, 828 N.E.2d at 907. Therefore, we decline to reverse on this basis.

[26] In sum, we hold as follows: Landrum has forfeited his right to appeal the trial court's order of supervised probation issued on May 16, 2012; Landrum has waived the issue of credit time for his claimed seventy-four days of actual credit; and Landrum invited any error in the court's decision to not award the 129 excess credit days. As such, we affirm the trial court's April 27, 2017, sentencing order on the petition to revoke the suspended sentence.

[27] Affirmed.

Kirsch, J., and Brown, J., concur.